*393
 
 Ruffin, C. J.
 

 The Court of equity compels an answer on oath, to enable the plaintiff to get a discovery of facts, which he cannot prove by indifferent witnesses, or to save him from the trouble and expense of thus proving them. The defendant is turned into a witness in the cause ; and as a witness he ought honestly and explicitly to set forth every thing he knows, or has the means of knowing and believes, that is material to the plaintiff’s case, as well as such matters as constitute his own defence. But, judging from many answers that come up here, and, especially, in injunction causes, the purposes for which the answer is required, and the nature of the jurisdiction are often almost entirely overlooked. Answers are drawn for the sole benefit of the defendant, apparently, and not to disclose the truth and justice of the case. It is true, that often the bill is so defectively framed as not to compel a full discovery in the answer. And it is likewise true, that by not excepting to an insufficient answer, and replying to it, the plaintiff may be put to great disadvantage at the hearing, as the truth of a matter, charged in the bill, cannot upon that occasion be inferred from the silence of the answer as to it, or the omission merely of a denial. But when the defendant asks the Court to act on his answer, as he docs when he moves to dissolve an injunction, it is not sufficient that he should make an answer, which merely does not admit the grounds of the plaintiff’s equity, but it must set forth a full and fair discovery of all the matters within his knowledge, or in his power to discover, and then deny the material grounds upon which the plaintiff’s equity is founded. An answer that is evasive, that declines admitting or denying a fact positively, when it is in the party’s power, if he will, to obtain information that will enable him thus to admit or deny the fact; and much more, an answer that keeps back information that is possessed by the party upon a material fact, on the pretence, that the defendant cannot give the information with all the minuteness, of which
 
 *394
 
 the subject is susceptible ; such an answer ought not to entitle the person, who makes it, to any favour- Of that character is the answer in this case. Either from carelessness in the writer, or want of explicitness and candour in the party, this answer is grossly evasive. The equity of the plaintiffis, that the defendant obtained a bond from him for $120 70, on the misrepresentation, that he was indebted to him'in that sum on account, for dealings by the. plaintiff’s family after the 27th of January, 1341. The bill adds, indeed, that the plaintiff was drunk, when he gave the bond, and that is denied distinctly enough. But that is material in the present state of the case, since the defendant admits that the bond was not intended as a voluntary bond, but was understood to be founded on existing debts. Now, it is obviously, an important part of the plaintiff’s case, that the period of the alleged dealings should be precisely fixed, in order to confine the account to the particular transactions included in the settlement. For that purpose the bill charges, that it must have been for dealings after January 20th, 1841, forasmuch, as on that day the parties settled for all previous dealings, and the defendant gave a receipt to that effect; and that receipt was filed in the office with the bill as an exhibit, and the defendant interrogated as to its genuineness. Instead of answering directly to the interrogatory ^ the defendant says, he “does not know.” Why? because in the copy of the bill sent to him, only a copy of the receipt was annexed, and he had no opportunity of seeing the original. But, if he had forgotten giving the paper, and wished to know the truth or to make it known to the Court, nothing was easier than to have gone to the office and seen the original. Instead of that, he merely answers at large, that the account was for dealings of both the plaintiff and his family, without specifying any periods for such dealings, or denying that for 18 months the plaintiff had been out of the county, and thus leaving it to be inferred that the dealing had run through the 10 or 12 years, spoken of in another part of the answer.
 

 
 *395
 
 Besides, though expressly called on to set out a copy of the account on 'which the bond was given, and though the defendant says it was for merchandize sold, in a country store, to the plaintiff and to his family, and for blacksmith’s work, the defendant wholly omits to give any account. The reason given is, that “be cannot
 
 now
 
 set out an
 
 exact
 
 account of
 
 all
 
 the articles furnished complainant,” forasmuch, as “since the settlement he did not deem it necessary to preserve the accounts.” It will be observed, that the defendant does not pretend, that copies of the accounts were delivered to the plaintiff nor that his books containing the original entries have been destroyed, nor that any book or paper
 
 has
 
 in fact been lost or destroyed, nor that he eannot state the articles the plaintiff’s family purchased. He says only, that he did not deem it necessary to preserve the accounts, for which the bond was given and consequently that he cannot furnish an
 
 exact
 
 settlement of
 
 all
 
 the articles furnished to the plaintiff himself. From this we collect that the defendant probably meant, without directly averring it, that the Court should understand or infer, that the particular papers, containing the computations and calculations at the settlement, were mislaid. But suppose the answer could be taken in that sense, yet the defendant gives no reason for not annexing copies of the accounts as they stand in his books ; which ought to shew the different settlements, and the several items. And although he might not be able to give a.n
 
 exact
 
 account of
 
 all
 
 the articles, yet he was bound to give the accounts as far as he could ; and, if he could give no account, he was bound to' say so, and give the plaintiff the full benefit of that singular circumstance.
 

 It is clear, therefore, that the defendant has not given the answer that was called for, and that he might and ought to have given, but has evaded it in several essential points. Therefore, the injunction was properly continued
 
 *396
 
 to the hearing ; and it must be so certified to the Court below. The defendant must pay the costs in this Court,/
 

 Per Curiam.
 

 Certificate ordered accordingly.