Battle, «J.
 

 The injunction was, as we think, improperly dissolved, upon the motion of both or either of the parties, -.■whose answers were filed in the Court below. Neither of the
 
 *227
 
 defendants, Norris or Cooke, liad any interest in the cause, ■which could possibly be injured or prejudiced by the continuance of the injunction, while the plaintiff might be put to serious inconvenience by its dissolution. Norris admitted that the money had been paid him on his execution, but he did not know by whom the payment had been made. The execution as to him, therefore, was satisfied, and he had no further interest in it. The defendant Coke, who was the surety of Jordan, the principal debtor, stated that the money was paid on the execution, but not by him; and that he was informed, and believed, that it was advanced by ITigh, the sheriff of Wake county, in whose hands the writ of
 
 venditioni ex-ponas
 
 had been placed for execution. Cooke, therefore, had no such interest in the matter, as authorised him to move in the cause. The sheriff High, then, it seems, was the only person interested in the enforcement of the execution, and he was not before the Court. The counsel for. the defendants, contends that, as High was a stranger to the judgment and execution, his payment of the money to the plaintiff, in the execution, could not be a satisfaction of it. That may be true, and for the sake of argument, we may take it to bo so, but that will not authorise him to move in a cause, to which he is much a stranger as to the judgment and execution. Aswehave seen that neither of the defendants to the suit, as it now stands, had any interest in the dissolution of the injunction, it ought to have been continued. Whatever steps either the plaintiff or High may think proper to take, we leave to their consideration.
 

 Per Curiam, Order reversed.