Rattle, J.
 

 The right of the plaintiff to call upon the de
 
 *311
 
 fendant, John Pearec, fora specific execution of his contract, for the sale of the land in controversy, is clear, beyond all question. The contract for the sale is in writing, a part of the purchase-money was paid in cash, and a note given for the residue, and the plaintiff, thereupon, took, and still continues in, possession. .The plaintiff alleges that before the execution of the deed, in trust, by the said John Pearce to the defendant, Thompson, he tendered to Pearce the balance of the purchase-money, and demanded a conveyance, which was refused. And this defendant admitting the written contract of sale, and admitting also the tender, denies that it was in 5 full, or was made before the execution of the deed in trust. The denial, however, is made so slightly and evasively as to have very little weight. _It is true, that the tender was made after the note became due, but it is idle to say, as the defendant, John Pearce, does, that the contract was abandoned, and the plaintiff’s equity relinquished. There cannot be the slightest pretense that this case is an exception to the maxim, that in equity “ time is not of the essence of the contract;” see
 
 Falls
 
 v.
 
 Carpenter,
 
 1 Dev. and Bat. Eq. 237, and the note to the 2nd edition.
 

 The defendant, John Pearce, had then, no right, upon his answer, to move for a dissolution of the injunction, and the other defendants have ifo greater rights than he has, as they do not deny that they purchased with notice of the plaintiff’s claim.
 

 The allegation, faintly made by the defendant, Marcellos Pearce, that the plaintiff assented to the s'ale by the defendant, Thompson, as trustee, is an averment of new matter which may possibly avail him, if he can prove it on the hearing, but it cannot be considered, on this notice to dissolve the injunction, it being an established rule that the injunction must be continued, unless the equity, set forth in the plaintiff’s bill, be denied in the answer;
 
 Lindsay v.
 
 Ltheridge, 1 Dev. and Bat. Eq. 36. The order dissolving the injunction, must be reversed, and a certificate, to that effect, be sent to the Court below.
 

 Per CuriaM, Decree accordingly.