J. W. PEACOCK v. HENRY STOTT et al.

*Equity—Merger.*

Where one who has an equitable title, subsequently acquires the legal title, so that they become united in the same person, the former is merged in the latter.*

This is a CIVIL ACTION, which was tried before *Shipp, J.,* at Fall Term, 1887, of NASH Superior Court.

The complaint alleges, upon information and belief, the following facts as constituting the cause of action:

Alvin Peacock, being the owner of the several tracts of land enumerated and described in the complaint, containing in the aggregate fifteen hundred and sixty-six acres, more or less, on the 26th day of December, 1855, conveyed them to one J. M. Taylor, in trust, to secure certain mentioned debts, and with a power to sell in case of default in their payment, and to appropriate the proceeds to their discharge.

Pursuant to the provisions of this deed, the trustee sold the land to Wyat Earp, Redding Richardson, and A. J. Taylor, who were among the secured creditors, and became pur-

---

*DAVIS, J., did not sit upon the hearing of this appeal.

chasers, under an agreement with Peacock, that they would hold the title thereto until he could raise the amount of the purchase money, and upon reimbursement, would re-convey to him.

Sometime thereafter Alvin Peacock placed a sum sufficient to redeem in the hands of Levi Bailey to be thus applied, and under an agreement that the land should be conveyed to him and be held upon similar trusts as those that attached to the estate vested in his grantors.

During the year 1868, Bailey, being sued in the United States Court for a large demand, in order to prevent the subjection of the property thereto in the event of a recovery, conveyed the premises by deed for all the land, except two separate parcels, to the defendant, his son-in-law, without a full and valuable consideration received therefor, the said Stott having at the time notice of the equities attaching to the estate vested in Bailey.

Judgment was recovered in the action against Bailey, under which an execution issued to the Marshal of the United States, and by virtue thereof he sold and conveyed the land to R. A. Hamilton, who, on March 11, 1873, made a deed to the same to Alvin Peacock.

On the 1st day of August, 1881, the plaintiff purchased all of Alvin Peacock's interest in the land, under a sale made by John W. Blount, commissioner appointed by the Court, in certain proceedings for the foreclosure of mortgage, given by Peacock, and took his deed for the same.

During all this period Alvin Peacock remained in the quiet and undisturbed possession, using the property as his own.

Bailey died in September, 1873, and the defendant, denying the plaintiff's equity, refuses to carry into effect the trust upon which his grantor held the land, and which followed the transfer of the estate to him and adhered thereto.

The purpose of the action is to have the trust declared and enforced.

The defendant, in his answer, denies every averment in regard to a trust or an agreement for a redemption upon the several transfers, alleging the respective conveyances to Bailey and from Bailey to the defendant, to have been for valuable consideration and unincumbered and absolute.

He further declares that he is a purchaser for a full and valuable consideration *bona fide*, and with no notice of any attaching trust, if such there was, and is entitled to hold the same exempt therefrom, and he further relies upon the lapse of time as a defence to the action.

Pending the suit the defendant Stott died, and the defendants, his heirs at law, have become such in his stead, and adopt his answer as their own. A series of issues drawn from the conflicting allegations made in the pleading, not necessary to set out, were submitted to the jury, pending the trial whereof, the plaintiff introduced evidence tending to support the case made in his complaint. In order to trace to himself the equity alleged to have vested in Alvin Peacock, the plaintiff introduced in evidence:

1. A mortgage from Alvin Peacock to R. A. Hamilton.

2. A mortgage from the same to Gay, Tyson & Co., both purporting to convey the premises.

3. An assignment of these mortgages to the plaintiff.

4. The record of the foreclosure proceedings of the plaintiff against Alvin Peacock in the Superior Court of Nash, under which the plaintiff bought and took the commissioner's deed for said Alvin Peacock's estate in the premises.

After the evidence was in the Judge stated to counsel that while he held the mortgage deed to Hamilton and to Gay, Tyson & Co., to have been executed as contended, and then to have been assigned to the plaintiff, and that the foreclosure proceedings were regular, in his opinion they do not operate to pass the parol trust alleged to be in the mort-

gagor, inasmuch as these deeds purport to convey lands while Alvin Peacock, on the plaintiff's contention, "and according to the allegations of his complaint, had only an equity therein."

Upon this intimation and after a refusal by the Court of a request to review the point and allow the jury to pass upon the issues of fact, the plaintiffs submitted to a judgment of non-suit and appealed.

No counsel for the plaintiff.
*Mr. R. H. Battle,* for the defendants.

SMITH, C. J., (after stating the case.) This action is to establish by parol a trust attaching to the lands conveyed to Levi Bailey by virtue of the agreement stated in the complaint, to have been entered into between him and Alvin Peacock, and to follow and enforce the same against the ancestor of the defendants, and themselves succeeding to his estate. The plaintiff derives his title thereto under mortgages made by Alvin Peacock respectively, to R. A. Hamilton and to Gay, Tyson & Co., the latter of which has date May 29, 1873, and was admitted to registration on June 10, afterwards. The non-suit was suffered upon the ruling that the alleged equity did not pass under a conveyance of the lands *eo nomine,* to which the alleged trusts adhered, and its correctness is the only matter argued by counsel on the appeal.

Taking the facts to be as represented in the complaint, the deed from Bailey to Stott, made to prevent creditors from reaching the land, or in other words, to defeat the purposes of the pending action and withdraw the property from execution was void, as against the suing creditor, and the sale afterwards made by the marshal passed to the purchaser, Hamilton, as well the several tracts mentioned in the fraudulent deed as the two tracts omitted from it, and thence the

title to all was transmitted by his deed of March 11, 1873, to said Alvin Peacock. The legal estate and the alleged equity thus uniting in one person, the latter was extinguished, and said Peacock became sole owner in fee. There was, therefore, no equity incidental to the legal estate in Alvin Peacock, that could be conveyed in his mortgage deed, and to which, under them, the plaintiff could succeed. Upon the plaintiff's own showing then, he has no such cause of action as he sets out in the complaint, nor is he entitled to the relief demanded. The ruling of the Court that he has no such equity, not because of the structure of the mortgage, but for the non-existence of any equity to pass by means of it, must be upheld, because correct in itself. *Bell* v. *Cunningham,* 81 N. C., 83. We do not, upon the question of title decide upon plaintiff's right to recover the land, but only that upon his own averments he cannot maintain the action in its present form.

There is no error, and the judgment is affirmed.

                                        Affirmed.