L. W. ODOM v. EDWIN MORGAN, EXECUTOR AND TRUSTEE UNDER THE
WILL OF MARGARET L. MORGAN.

(Filed 29 April, 1919.)

1. **Trusts and Trustees—Title—Merger.**

Where the beneficiary of a trust estate in lands is also designated by
the donor as the trustee for his own benefit, especially where there is no
pecuniary interest of the beneficiary to be protected and no estate on
contingency to be preserved, the equitable interest merges into the legal
title and the title becomes a fee simple absolute one.

2. **Same—Repugnancy—Restraint on Alienation.**

While the doctrine of merger will ordinarily be prevented or not as
the intent of the donor may appear from the expressions he has used in
a written instrument under which the question has arisen, this will not
apply where the donor has conveyed the legal title of lands to the donee
to be held in trust for his own benefit, that is, the legal and equitable
title to one and the same person, and his intent that there should be no
merger may only be gathered from and is solely dependent on a further
provision in the instrument that the title should be held for a term of
years upon a condition repugnant to the legal title conveyed, and which
is an unenforceable restraint upon the alienation of the lands.

3. **Same—Power of Appointment.**

A devise of the bulk of the testator's property, including the lands in
controversy, to his wife in trust for ten years, also designating her the
trustee, to be managed for her benefit as the testator would have done,
and to become hers at the end of the time, conferring upon the wife the
power to designate a successor in the trusteeship, by will, and she, before
her death, accordingly designates her grandson to hold the lands in trust
for himself and certain named relatives, to manage the property in their
behalf as an "active trust," with full power to dispose of the same or any
part thereof and hold the proceeds subject to the trust: *Held*, a convey-
ance made of the lands embraced in the trust by the wife's grandson, in
conformity with her will, of the fee-simple title, is valid to pass the title
conveyed by him.

CONTROVERSY without action heard on case agreed before *Shaw, J.,*
at March Term, 1919, of SCOTLAND.

From the facts submitted it appears that Mark Morgan, owning a
considerable estate, died in said county in January, 1916, leaving a last
will and testament in which he devised and bequeathed the bulk of his
property, including the lot in controversy, to his wife in trust for ten
years under provisions hereinafter stated, and at the end of that time
she was to own the estate in full. The will also conferred upon his wife
the power, in her own last will and testament, to designate a successor
in the trusteeship, etc.; that the wife, Margaret Morgan, died in Sep-
tember, 1916, leaving a last will and testament in which she devised all
of her property coming to her under the will of her husband and other-
wise, including said lot, to her grandson, Edwin M. Morgan, in trust

for himself and five other relations, to hold and manage the property in their behalf as an "active trust," and with full power to dispose of the same or any part thereof, the proceeds to be held in trust under the other provisions of her will; and said Edwin Morgan was also appointed and duly qualified as executor of the said will, etc. That in 1918 the said Edwin M. Morgan, as executor and trustee of his grandmother's will, bargained in writing the lot in question to plaintiff, Leggett Odom, for $4,500, and the latter having paid a part of the purchase money, declined to proceed further with the contract of purchase, on the alleged ground that the said trustee had, at present, no power under the wills in question to convey to plaintiff the title to said land, either of Mark Morgan or his wife, and the controversy is to determine the question whether said trustee and vendor is in a position to convey said titles and interests.

The court, being of opinion that the title offered is a good one, entered judgment that plaintiff comply with his contract and complete the purchase, and plaintiff excepted and appealed.

*Cox & Dunn for plaintiff.*
*Walter Neal for defendant.*

HOKE, J., after stating the case: In so far as the interest of Margaret L. Morgan is concerned, her last will and testament expressly confers upon the trustee the power to sell any and all of the property devised or bequeathed to him and convey the same in fee to the purchaser, and the question presented will depend on whether, under the will of Mark Morgan, her predecessor in ownership, there were such limitations imposed upon the property as to prevent the making of a good title until ten years after his death, which time has not yet expired. Recurring then to the provisions of the said will, after giving several legacies to be paid out of his insurance policies, in item 7, he expresses a desire that his estate should remain intact and in same condition as if he would manage it himself for a period of ten years after his death and with a view of making his purpose effective; in item 8 he wills the bulk of his property, real and personal, including the lot in controversy, to his wife, Margaret L. Morgan, in trust to control and manage the same, rent out the realty and collect the rents thereof, invest and collect the interest on the money, vote the mill stock, etc., or dispose of the same, appropriate the entire income to her support or so much of it as she considered necessary, and add the remainder to the body of his estate for a period of ten years. In another item he devises and bequeaths to his beloved wife all of his entire estate of every kind and description, real, personal and mixed, as the same may stand at the end

of the ten-year period; and in yet another he provides that his trustees are not to be held liable for any diminution in value of the property committed to their management. On these, the facts and portions of the will chiefly relevant, we concur in his Honor's view that the trustee under the will of Margaret L. Morgan is in a position to make a good title and the purchaser must comply with his contract. It is said to be the recognized position on this subject that one cannot be a trustee for his own benefit. The position is to a great extent dependent on the doctrine of merger which, as relevant to this controversy, is to the general effect that when a legal and equitable estate of the same class and quantity coincide in one and the same person, or when the former is the larger of the two, the latter is merged in the legal estate and becomes extinct. Tiedeman on Real Property, sec. 512. And while courts, in the exercise of general equitable principles, will "permit or prevent the application of the doctrine as the same may accord with the intent of the parties and the right and justice of the matter," we find no decision that interferes with the operation of the general principle where one is made sole trustee for his own benefit and is, at the same time, constituted the absolute owner of both the legal and equitable interests in the property, assuredly so when no pecuniary interest of the beneficiary is to be protected and no estate on contingency to be preserved. In *Butler v. Godey,* 12 N. C., 94, *Henderson, J.,* speaking for the Court, said: "To me it is incomprehensible how a person can take to the use of or in trust for himself, that he should be his own trustee, that he should have a right to call upon himself to perform the use and, if refused, enforce performance. So far from such an union being recognized in law, it is the well-established maxim that if the two interests become vested in the same person, the use or trust immediately vanishes, it does not exist for a moment." The same position is affirmed in *Peacock v. Scott,* 101 N. C., 149, where *Smith, C. J.,* said: "Where one who has an equitable title acquires the legal title so that the same becomes united in the same person, the former is merged in the latter, and numerous decisions elsewhere are to the same effect." *Wills v. Cooper,* 25 N. J. L., 137; *Swisher v. Swisher,* 157 Iowa, 55; *Greene v. Greene,* 125 N. Y., 506; *Clark v. Listers, etc.,* 82 Neb., 85; *Weeks v. Weeks,* 197 N. Y., 304; *Langley v. Conlan,* 212 Mass., 135; Perry on Trusts (6 Ed.), sec. 347; 39 Cyc., 248; 2 Pomeroy's Equity, sec. 788.

This doctrine of merger which we have been discussing in reference to legal and equitable interests has application also to particular and general estates in remainder and reversion, and considering the record in view of the authorities cited and the principles they illustrate, we are of opinion that Mrs. Morgan, under her husband's will, having been

given both the legal and equitable interests for ten years, and the remainder of the estate and all its accumulations after that time to be hers in fee simple, holds every interest in the property, actual or potential, and must be declared the absolute owner of the same. As said by counsel in his interesting argument before us, if she mismanaged the property, who is to call her to account or if she conveyed it, who is there to challenge her deed; and, in approval of the same general position, *Chief Justice Rugg,* delivering the opinion in *Langley v. Conlan supra,* said: "It is a general principle that where property is given for the benefit of certain persons in such a way that no one else can have a possible interest in it they are in effect absolute owners and should have the control and disposition. In such case equity will decree a dissolution of the trust, citing *Sears v. Choate,* 146 Mass., 395. It is also generally held that where the legal and equitable title to real estate both vest in the same person the equitable title will merge in the legal estate, and absolute ownership will ensue divested of the trust."

True, it has been held in many cases on the subject that in equity this doctrine of merger will be prevented or not according to the intent of the parties, but while the testator, Mark Morgan, has expressed his desire and purpose that his estate be kept together for ten years and managed as he would have done, having thereafter conferred the absolute ownership upon his wife, the intent in this instance must be evidence and controlled by the character of the title and interest he has given her, and considering the whole will and its correct interpretation, the only significance that could be given to this attempt to create a trust for ten years is to put a clog upon alienation for that period. This is all that is claimed for it by the appellant, and such a provision is avoided in this jurisdiction as repugnant to an estate of absolute ownership and the right of transferring the same as one of its inseparable incidents. The position as it prevails with us, the reasons upon which it rests, and many of the authorities showing its proper application have been stated and fully explained in the recent case of *Brooks et al. v. Griffin,* 177 N. C., 7, opinion by the Chief Justice, and further comment thereon is not required. Mrs. Morgan then, holding the full title under her husband's will and unfettered by any valid restriction, having, as stated, devised the property to her grandson, the defendant, in trust, with full power to sell and convey the same, the said trustee is in position to offer the title both of Mark Morgan and his wife, and his Honor has correctly ruled that the contract of purchase must be complied with.

There is no error and the judgment below is

Affirmed.