TOBACCO GROWERS CO-OPERATIVE ASSOCIATION v. C. C.
PATTERSON.

(Filed 27 February, 1924.)

1. **Constitutional Law—Statutes—Contracts—Co-operative Marketing.**

   The provisions of the standard contract made by the Tobacco Co-operative Marketing Association with its members are valid under a constitutional statute, and upon the alleged breach thereof on the part of the member in its material parts, the equitable remedy by injunction is available to the association.

2. **Appeal and Error—Injunction—Equity—Findings of Fact—Conclusiveness of Findings.**

   On appeal in matters of injunction involving the rights of an incorporated coöperative marketing association to receive and market the tobacco grown by its member, etc., the findings of fact by the Superior Court judge are not conclusive, and the Supreme Court will pass upon the evidence and determine the facts applicable to the relief sought.

3. **Pleadings — Evasive Answers—Injunction—Equity—Contracts—Co-operative Marketing.**

   In proceedings for injunctive relief by a coöperative marketing association wherein the plaintiff definitely alleges that the defendant had breached his contract and declares his purpose to dispose of his tobacco in breach thereof, the defendant's answer not admitting the allegations, but demanding strict proof, is too evasive or illusive to be a denial of plaintiff's allegation, or received as sufficient evidence upon the question of the injunctive relief.

4. **Injunction—Equity—Mortgagor and Mortgagee—Liens—Parties—Co-operative Marketing Associations.**

   A preliminary order restraining a member of a coöperative association from disposing of the tobacco embraced in the contract in breach thereof will not be dissolved by reason of a defense set up by its member that the tobacco was the subject of a lien for supplies necessary for its cultivation, a position available to the lienee not a party to the action, and the restraining order should be continued to the hearing, safeguarding the rights of the lienee to be asserted by his appropriate action. The defendant being in an attitude of resistance towards the contract and denying any obligations thereunder.

CIVIL ACTION heard, on return to preliminary restraining order, before his Honor, *Connor, J.,* at Nashville, N. C., on 20 September, 1923.

The action is for the purpose of enjoining defendant, an alleged member, from disposing of his tobacco crops for the years 1922, 1923, etc., more particularly for the year 1923, in violation of his contract with plaintiff, and a preliminary restraining order and rule to show cause having been issued, and the court at the above hearing being of opinion that plaintiff was not entitled to a further continuance of the order, entered judgment that the same be vacated and the rule discharged. Plaintiff excepted and appealed.

*Burgess & Joyner and Austin & Davenport for plaintiff.*
*A. Sapiro, E. L. Hayes, and T. E. Bowen of counsel for plaintiff.*
*O. B. Moss for defendant.*

HOKE, J. It appears from the complaint, duly verified and presented at the hearing, together with supporting affidavits, that plaintiff is a corporation duly organized pursuant to chapter 87, Laws of 1921, "having a standard form of contract under which its members respectively contract and agree to sell and deliver to the association all of the tobacco produced by or for him as landlord and lessor during the years 1922 to 1926, inclusive, and for the professed purpose of steadying the market and enabling the member to obtain a proper price for his tobacco and a proper compensation for his labor, expense and skill in producing it."

That defendant, having become a member and duly executed the contract to sell and deliver to the company his tobacco as stated, has thus far failed and refused to deliver any of his tobacco to plaintiff company as agreed upon by him, and avows his purpose not to do so now or at any future time. That in 1922 defendant produced and acquired, subject to the obligations of said contract, about 8,000 pounds of tobacco, and sold same to other persons in violation of his contract, and that for the year 1923 he has produced or acquired 10,000 pounds of tobacco subject to the stipulations of the contract signed by him, and refuses to deliver any part of same to plaintiff, claiming that the amount will be required to pay off a mortgage given by him on the crop of 1923 to W. R. Robertson & Co., general time merchants, in Nash County, and to the aggregate amount of $2,636.52, and which is more than sufficient to absorb the entire crop of tobacco grown by him for the year 1923, etc.

On careful perusal of the record we do not find that the defendant has made any substantial denial of the principal allegations of the plaintiff as above set forth, his sworn answer in reference thereto being as follows: "That, in answer to paragraphs 2 to 14, inclusive (these being the sections chiefly containing plaintiff's averments), this defendant does not admit the same, but demands strict proof of all of said allegations." Defendant then proceeds to state his principal defense in resistance to the restraining order in detail as follows:

"(b) That during the year 1923 W. R. Robertson & Co., general time merchants of Stanhope, Nash County, North Carolina, furnished him supplies and advances, fertilizer, etc., to make a crop, and that this defendant executed and delivered to said company a crop lien and chattel mortgage on 1 January, 1923, which said paper-writing is recorded in the registry of Nash County, in Book 262, at page 143, to which reference is specifically made.

"(c) That the amount now due under said mortgage is a note in the sum of $1,021.74, with interest, and in the further sum of $1,614.78 for supplies and advances furnished this year, which supplies and advances permitted and enabled this defendant to cultivate a crop, and that the said crop owned and raised by this defendant, as he is informed and believes and so avers, will not more than pay the indebtedness hereinbefore referred to.

"(d) This defendant also avers that he is informed and believes said W. R. Robertson & Co. is the owner and entitled to the possession of said property described in the plaintiff's complaint and affidavit, and that they forbid this defendant delivering said crop to any other person."

Upon these opposing averments the court finds that defendant is a member; that he cultivated on his land in Nash County, in the year 1923, ten acres of tobacco, and that, being wholly unable to. produce the crop without such aid, he executed the mortgage or crop lien for the note and supplies. That said advancements were all necessary and actually made to defendant to enable him to make said crop and save and harvest same, and are a valid and first lien on said crop, and that all of crop will be required to pay off and discharge the said lien, and that the lienees or mortgagees have expressly forbidden defendant to deliver the crops to plaintiff or to make any disposition of them except under their direction. That defendant has not broken or threatened to break his contract with plaintiff, and thereupon entered judgment dissolving the restraining order.

In the recent case of *Coöperative Assn. v. Jones,* 185 N. C., 265, where the question was directly presented, this Court has held that the statute under which these associations are formed is a constitutional enactment; the standard contracts made by them with its members are valid and enforceable, and that the process of injunction is available when shown to be reasonably necessary to conserve and protect the rights and interests of the companies under their said contracts pending litigation, positions that have been approved by authoritative cases in other jurisdictions. *Kansas Wheat Growers Association v. Schulte,* 113 Kansas, 672; *J. A. Brown v. Staple Cotton Growers Association,* 96 Southern, 849; *Texas Farm Bureau Cotton Association v. Stovall,* 253 Southwestern, 1101; *Northern Wisconsin Coöperative Association v. Beckedall* (Wis.), decided November, 1921; *Potter v. Dark Tobacco Association* (Ky.), decided December, 1921.

The decided cases in this jurisdiction are also to the effect that in an action of this character, and on the question of plaintiff's right to an injunction, this Court is not concluded by the findings of the trial judge, but will itself pass upon and determine the facts upon which

the decision shall be properly made to depend. *Cooperative Association v. Battle, post,* 260; *Burns v. McFarland,* 146 N. C., 382; *Hyatt v. DeHart,* 140 N. C., 270.

Considering the record in view of these established principles, it appears that plaintiff has alleged in its verified averments, and with precision and definiteness, that defendant, having entered into and duly executed the standard form of contract to sell and deliver to plaintiff all of the tobacco grown by him or held as landlord, etc., for the years 1922, 23, 24, 25 and 26, produced on his farms for the year 1922 as much as 8,000 pounds of tobacco which, in breach of his contract, he had sold to other persons. That in 1923 he grew and holds as much as 10,000 pounds, subject to the provisions of the contract, and refuses to deliver any part of it, alleging that he has encumbered same by a mortgage sufficient to absorb the entire crop; and further, that he has avowed his purpose not to deliver any of his tobacco in accordance with the terms of his contract, and the only answer we find in contravention of these averments is that "defendant does not admit the same, but demands strict proof of all of said allegations." Such an averment would not be sufficient to raise issue under our ordinary rules of pleading, and on a hearing of this kind, for the purpose of obtaining the dissolution of a restraining order, must be held as evasive and entirely insufficient. On authority, it amounts to no denial at all in any proper sense of the term. *Longmire v. Herndon,* 72 N. C., 629; *Allen v. Pearce,* 59 N. C., 309; *Thompson v. Mills,* 39 N. C., 390; *Bailey v. Wilson,* 21 N. C., 182-187; 1 Joyce on Injunctions, sec. 309.

In *Allen v. Pearce, supra,* it was held that "where a defendant answers lightly and evasively to material allegations, the injunction will not be dissolved."

And in *Thompson v. Mills, supra:* "When a defendant asks the court to act on his answer, as he does, when he moves to dissolve an injunction, it is not sufficient that he should make an answer, which merely does not admit the ground of the plaintiff's equity, but it must set forth a full and fair discovery of all the matters within his knowledge or in his power to discover, and then deny the material grounds, upon which the plaintiff's equity is founded.

"An answer that is evasive, that declines admitting or denying a fact positively, when it is in the party's power, if he will, to obtain information that will enable him to admit or deny the fact, and much more, an answer that keeps back information that is possessed by a party upon a material fact, on the pretense that the defendant cannot give the information with all the minuteness of which the subject is susceptible, such an answer ought not to entitle the person who makes it to any favor."

We must conclude, therefore, for the purposes of this hearing, that defendant has broken his contract and has avowed his purpose of continuing to break it. And in reference to the mortgage for supplies urged by him in bar of plaintiff's claim and further prosecution of the suit, the defendant's evidence must be considered as unsatisfactory and insufficient, to wit, that he has executed a mortgage on the crops of 1923 more than sufficient to absorb the same, and that the holder has notified defendant not to deliver to plaintiff.

It is true that a member may place a mortgage or crop lien on his crop for the current year for the purpose of enabling him to successfully cultivate and produce the same, the contract between plaintiffs and defendant clearly contemplates such a mortgage, and good policy requires that such a privilege should never be withdrawn, and we understand that plaintiff has no desire or purpose to interfere with any such claim to the extent that it constitutes a valid and superior lien to plaintiff's rights and interests under the contract, but the evidence of defendant as to the extent and existence of such a lien is not to our mind a full and frank statement concerning it. It appearing that "$1,021.74 is for a note and $1,614 for advances and supplies," and that these advances and supplies were required to enable defendant to make his crop, and what this note is for or when given is not set forth, and whether the instrument is such as to create a valid lien on the crop is not all clear. See C. S., sec. 2480, and cases cited, among others, *Clark v. Farrar,* 74 N. C., 686; *Loftin v. Hines,* 107 N. C., 360.

The matter here is not further pursued for the reason that the mortgagee is not thus far a party, and until he is, his rightful claims should not and cannot be in any way impaired and jeopardized in this proceeding, nor, as a rule, should a grower's rights to place a mortgage on his crop for the *bona fide* purpose of raising the same be in any way hindered or lightly interfered with, but as to this defendant, and on the facts as presented in this record, he having practically admitted that he has broken his contract with plaintiff, and intends to continue to do so, it is not for him to decide by his own *ipse dixit* what is or is not a valid lien, or the extent of it, and in our opinion he should be restrained to the hearing from voluntarily and personally making any further disposition of his crop other than as required by his contract with plaintiffs, either of the crop of 1923 or any other crop coming into his possession and control and ownership during the life of the contract, and subject to its provisions.

This injunction, however, should be drawn without prejudice to the rights of the mortgagee or lien holder to demand and receive of defendant, or to enforce delivery by any appropriate procedure, of a sufficient amount of the tobacco or other property included in his mortgage,

to satisfy his claims to the extent that the same constitute a valid lien superior to the rights and interests of plaintiff under its contract. If such a lien and the amount and extent of it cannot be agreed upon and adjusted it would seem that the lien claimant should become or be made a party of record, that authoritative and final disposition should be made of the matter.

These rulings in our opinion are in accord with the authorities applicable and have been decided or approved in principle by cases in this jurisdiction, among others *Yount v. Setzer,* 155 N. C., 213; *Welborn v. Sechrist,* 88 N. C., 287; *James v. Norris,* 57 N. C., 225.

Let this be certified that the judgment below dissolving the restraining order be set aside and that the same be continued to the hearing in form and effect as indicated in this opinion.

Reversed.