TOBACCO GROWERS CO-OPERATIVE ASSOCIATION v. JOHN
BATTLE.

(Filed 27 February, 1924.)

**1. Constitutional Law—Statutes—Co-operative Marketing.**

A coöperative association formed under the provisions of chapter 87, Public Laws of 1921, whereby its members agree to sell and deliver to it all of the tobacco owned and produced by or for him or acquired by him as landlord or tenant, being, among other things, for the purpose of steadying the market and enabling the member to obtain a proper price for his tobacco and compensate him for his·labor, skill, etc., exists by virtue of a constitutional statute, and the provisions of its standard contract with its members are valid and enforceable.

**2. Equity—Specific Performance—Contracts—Personal Property—Vendor and Purchaser—Co-operative Marketing.**

Injuries from the breach of contract by a member with the Coöperative Tobacco Marketing Association, formed under the provisions of chapter 87, Public Laws of 1921, to market his tobacco, etc., cannot be adequately compensated for in damages, and the equitable remedy of specific performance as allowed by·the statute will be upheld by the courts.

**3. Injunction—Co-operative Marketing—Contracts—Equity—Evidence.**

Where in the suit of a tobacco marketing association for injunctive relief against the defendant for breaching his contract to market his tobacco with it according to its terms, he resists upon the ground that he had not become a member, and the plaintiff's evidence tends strongly to show to the contrary: *Held,* the injunction should be continued to the

hearing upon the principle that the plaintiff has established an apparent right to the relief sought, and that the writ is reasonably necessary to protect the property pending the inquiry.

**4. Injunction—Appeal and Error—Evidence—Findings—Review.**

On appeal from the denial of the continuance of a restraining order the facts as found by the Superior Court judge are not conclusive on the Supreme Court, and the latter may review the evidence appearing in the record.

CIVIL ACTION heard on return to preliminary restraining order before his Honor, *Connor, J.,* in chambers at Rocky Mount, on 3 December, 1923.

The action is to obtain a permanent injunction forbidding defendant to dispose of his tobacco crop for 1922, etc., in violation of his contract as member of plaintiff association. The case being heard on affidavits and evidence, the court dissolved the restraining order, finding, among other things, that defendant was not a member of plaintiff association. Plaintiff excepted and appealed.

*Burgess & Joyner and Henry C. Bourne for plaintiff.*
*A. Sapiro, E. L. Hayes, and T. E. Bowen of counsel for plaintiff.*
*Thorne & Thorne for defendant.*

HOKE, J. It appears from the pleadings and evidence in the cause that plaintiff is an association duly organized under chapter 87, Laws of 1921, having a standard form of contract by which its members respectively agree to sell and deliver to the association "all of the tobacco produced by or for him or acquired by him as landlord or lessor during the years 1922, 23, 24, 25, 26," etc., and for the professed purpose of steadying the market and enabling the member to obtain a proper price for his tobacco and a proper compensation for his labor and skill in producing it. In the recent case of *Coöperative Assn. v. Jones,* 185 N. C., 265, where the questions were fully considered, it was held that the act was constitutional, and the associations formed under it and the contracts as made by them with members were valid and enforceable, and that the remedy of injunction was properly available to the companies when necessary to a proper enforcement of their rights under the contracts made with its members.

Not only is a preliminary injunction expressly authorized by the statute and stipulated for in the contract itself, but it is clear from a proper consideration of the entire agreement, its nature, terms and purpose, that specific performance is required for its proper and adequate enforcement, and that an injunction will lie whenever it is shown to be reasonably necessary to conserve the property and the rights of plaintiff therein pending litigation.

True, as a general rule, specific performance is not allowed in contracts for sale and delivery of personal property, but the position does not prevail when it appears that a failure to deliver will frustrate the essential purpose of the contract, and the award of damages will prove entirely inadequate to compensate the injured party. This in effect was held in *Coöperative Assn. v. Jones, supra,* and cases cited, notably *Oregon Coöp. Association v. Lentz et al.,* 212 Pacific, 811; and is in accord with recognized principles applicable in such cases. *Zeiger v. Stephenson,* 153 N. C., 528; *Ellett v. Newman,* 92 N. C., 519; *McGowin v. Remington,* 12 Pa. St., 56; Pomeroy on Contracts, secs. 10, 11 and 12, and note 1 to sec. 11; 1 Joyce on Injunctions, sec. 444.

Plaintiff company, then, having a right to an injunction against its members who threaten to break their contract to the destruction or serious impairment of plaintiff's rights thereunder, and defendant denying his membership and avowing his purpose and his right to dispose of his tobacco elsewhere, the question presented is chiefly dependent upon the fact of plaintiff's membership, and considering the case in that aspect, our decisions are to the effect that an injunction should be continued to the hearing when a plaintiff has established an apparent right to property and the writ is reasonably necessary to protect and preserve such rights pending the inquiry. *Cain v. Rouse,* 186 N. C., 176; *Johnson v. Jones,* 186 N. C., 235; *Yellow Cab Co. v. Creasman,* 185 N. C., 551; *Proctor v. Fertilizer Works,* 183 N. C., 153; *Seip v. Wright,* 173 N. C., 14; *Tise v. Whitaker,* 144 N. C., 508; *Cobb v. Clegg,* 137 N. C., 153.

In *Proctor's case, supra,* it is held: "Where the plaintiff, applying for injunctive relief as the main remedy sought in his action, has shown probable cause, or it is made to appear that he will be able to make out his case at the final hearing, or where the dissolution of the temporary restraining order would probably work him irreparable injury, it should be continued to the final hearing."

In *Cobb v. Clegg,* at page 159, *Associate Justice Walker,* delivering the opinion, said: "In the case of special injunctions the rule is not to dissolve upon the coming in of the answer, even though it may deny the equity, but to continue the injunction to the hearing if there is probable cause for supposing that the plaintiff will be able to maintain his primary equity and there is a reasonable apprehension of irreparable loss unless it remains in force, or if, in the opinion of the court, it appears reasonably necessary to protect the plaintiff's right until the controversy between him and the defendant can be determined."

And in *Tise v. Whitaker, supra,* it was held, among other things: "When the main purpose of an action is to obtain a permanent injunction, if the evidence raises a serious question as to the existence of facts

which make for plaintiff's right and are sufficient to establish it, a preliminary restraining order will be continued to the hearing."

Applying these principles, we do not take the same view of the facts presented as seems to have impressed the court below. It appearing that the accredited representative of plaintiff swears that defendant signed the standard contract subject to the approval of his landlord, and that the landlord approved the same; that landlord swears that he was consulted by defendant and that he did approve it; and two or more distinterested witnesses testify that defendant admitted to them that he had become a member.

True, the defendant himself swears that he joined subject to the approval of his landlord and his supply merchant, and that the latter, who has since died, never gave his approval, and defendant's wife swears that her husband told her he had not joined, and his Honor finds the facts to be as claimed by defendant. But this finding by his Honor is evidential only and not conclusive, and the decisions are that on a hearing of this character the Court will determine for itself the facts upon which it will act, and on consideration of the entire evidence we are of opinion that there is such serious question as to the rights of the parties involved in this controversy that the restraining order should be continued till they are determined at the final hearing, and the judgment of the lower court dissolving the same pending litigation be and the same is hereby

Reversed.