MRS. LUMMIE HANCOCK SMITH v. THE BANK OF PINEHURST, J. HAWLEY POOLE, W. O. McGIBBONEY, Trustee, and THE MOORE COUNTY NEWS.

(Filed 2 June, 1943.)

**1. Appeal and Error § 37c—**

In appeals from an order granting or denying injunctive relief the findings of fact made by the court below are not conclusive. This Court may review the evidence and determine the questions of fact, as well as of law.

**2. Injunctions § 11—**

If a plaintiff, applying for injunctive relief as the main remedy sought in the action, has shown probable cause for supposing that he will be able to maintain his primary equity and there is reasonable apprehension of irreparable loss unless it remain in force, or, if, in the opinion of the court, it appears reasonably necessary to protect the plaintiff's rights until the controversy can be determined, the injunction will be continued to the hearing.

**3. Estates § 4—**

Where the equitable and legal estate in land becomes vested in one and the same person at one and the same time and in one and the same right, the two estates are merged and the lesser estates are absorbed in the fee simple thus created.

**4. Same—**

Where one who has an equitable title acquires the legal title, so that the same becomes united in the same person, the former is merged in the latter.

**5. Same: Mortgages §§ 21, 27—**

As a general rule, where a purchaser of land subject to a mortgage takes an assignment of the mortgage, the debt secured by the mortgage is extinguished.

**6. Mortgages §§ 18, 32b—**

A notice, from the trustee in a mortgage or deed of trust to a person authorized by him to advertise a sale of the property thereunder, to withhold or discontinue publication of the notice of sale, withdraws from such person any authority to advertise or sell the property.

**7. Mortgages § 36: Bankruptcy § 9—**

Where the maker of a note and mortgage is discharged in bankruptcy, such maker is no longer personally liable on the note and mortgage, which however remains a lien upon the land.

**8. Mortgages § 31b—**

A trustee in a mortgage or deed of trust is a proper and necessary party to an action to foreclose or to enjoin foreclosure.

APPEAL by plaintiff from *Armstrong, J.,* at February Term, 1943, of MOORE. Error and remanded.

Civil action to restrain foreclosure sale of land under power contained in trust deed, heard on notice to show cause why temporary restraining order should not be continued to the final hearing.

The plaintiff, being the owner of a tract of land containing 153.5 acres, on 6 September, 1934, executed a trust deed thereon to W. O. McGibboney, Trustee, to secure an indebtedness of $1,400.00 due to the Land Bank Commissioner, which indebtedness was payable in 10 equal annual installments, beginning 1 December, 1938.

On 17 March, 1940, plaintiff and her husband were each adjudicated bankrupts, the said mortgage debts being duly scheduled as a liability of plaintiff.

Plaintiff's homestead was allotted in said land and the residue, including the reversionary interest in the homestead, was sold subject to the mortgage, under order of the bankruptcy court and defendant bank became the purchaser.

The bank having thus acquired title to the equity of redemption, subject to the homestead, conveyed to plaintiff by quitclaim deed its reversionary interest in the homestead land. Plaintiff then paid on the note ten twenty-ninths thereof which was her proportionate part, based on the appraised value of the land.

H. F. Seawell, Sr., purchased the Land Bank Commissioner note and mortgage and the same was duly assigned to him.

Upon the urgent insistence of the vice-president of the defendant bank, H. F. Seawell, Sr., on the .. day of October, 1942, for value received, transferred and assigned the note and mortgage to defendant J. Hawley Poole, a director of the bank. Poole then executed his note to defendant bank and assigned the mortgage and note as collateral security.

Within a few days after acquiring the mortgage and note Poole obtained the consent of the trustee to advertise the land for sale under the power of sale contained therein, the sale to be had on 7 December, 1942.

The trustee, a non-resident, upon hearing from the plaintiff, directed the defendants to withhold the advertisement. This was not done but, on the contrary, after further communication with defendants, he renewed his authority therefor.

The court below offered to continue the restraining order "if the plaintiff would pay into court the amount due on said promissory note and deed of trust as aforesaid found by the court, to remain on deposit in the court to be applied to any judgment in favor of the defendant J. Hawley Poole that might be rendered upon the final hearing in this cause, but the plaintiff declined and refused to make such deposit." She then and there, however, "offered in open court to pay the holder of said note the full sum due on the same upon a proper assignment of same." Her offer was declined by defendants and the court thereupon entered judgment vacating the temporary restraining order issued by Williams, J. Plaintiff excepted and appealed.

*Seawell & Seawell for plaintiff, appellant.*

*U. L. Spence and W. D. Sabiston, Jr., for defendants Bank of Pinehurst and J. Hawley Poole, appellees.*

BARNHILL, J.. In appeals of this character from an order granting or denying injunctive relief the findings of fact made by the court below are not conclusive. This Court may review the evidence and determine questions of fact, as well as of law. *Burns v. McFarland,* 146 N. C., 382; *Wallace v. Salisbury,* 147 N. C., 58; *Lee v. Waynesville,* 184 N. C., 565, 115 S. E., 51; *Tobacco Association v. Battle,* 187 N. C., 260, 121 S. E., 629; *Tobacco Association v. Patterson,* 187 N. C., 252, 121 S. E., 631; *Howard v. Board of Education,* 189 N. C., 675, 127 S. E., 704; *Johnston v. Garrett,* 190 N. C., 835, 130 S. E., 835; *Causey v. Guilford County,* 192 N. C., 298, 135 S. E., 40; *Whitford v. Bank,* 207 N. C., 229, 176 S. E., 740.

The court below found that this action was instituted after the sale on 5 December. The record discloses that it was instituted 27 November, 1942, before the sale. While it found that defendant Poole purchased the mortgage note it did not find whether he did so as agent of the bank, as alleged. Likewise, it made no finding or conclusion in respect to the admitted notice from the trustee withdrawing his consent to the advertisement of sale. Hence, we deem it advisable to review the record as a whole.

The apparent facts disclosed by the record present this picture:

Plaintiff becomes bankrupt, in large measure because of her endorsement liability to the defendant bank. Her land, upon which there is an outstanding mortgage lien, is sold and her equity of redemption is purchased by the bank. The bank, in turn, for a valuable consideration, conveys its right, title and interest in the homestead land to plaintiff. Thereafter, through the agency of the bank, the holder of the mortgage lien is induced to transfer it to defendant Poole, a director of the bank, who immediately hypothecates it with the bank as security for the money advanced with which to purchase. The bank thus becomes the owner of the land subject to the mortgage lien and also owner of the lien itself —at least as collateral security. Then, without any loss of time, the "holder" of the lien procures the consent of the trustee and proceeds to advertise the land for sale under foreclosure, including the very land the bank had conveyed to the plaintiff. When offered his money upon a transfer of the note he declined to accept.

If the defendants do not want their money, so recently invested in a mortgage lien they were so anxious to acquire that Poole borrowed and the bank loaned the money therefor, and which lien they are now so anxious to foreclose, what do they desire other than a squeeze play that will deprive plaintiff of her land and greatly benefit the bank? The record fails to answer.

Under the circumstances outlined is a court of equity unable to give aid or will it withhold its helping hand?

If the plaintiff, applying for injunctive relief as the main remedy sought in her action, has shown probable cause for supposing that she will be able to maintain her primary equity and there is reasonable apprehension of irreparable loss unless it remains in force, or if, in the opinion of the court, it appears reasonably necessary to protect the plaintiff's rights until the controversy between her and the defendants can be determined, injunction will be continued to the hearing. *Proctor v. Fert. Works,* 183 N. C., 153, 110 S. E., 861; *Cobb v. Clegg,* 137 N. C., 153; *Tobacco Association v. Battle, supra.* If the evidence raises a serious question as to the existence of the facts which make for plaintiffs rights and is sufficient to establish it, the preliminary restraining order will be continued to the hearing. *Tise v. Whitaker-Harvey Co.,* 144 N. C., 508; *Tobacco Association v. Battle, supra.*

Applying this rule to the facts in this case we are constrained to hold that the restraining order should be continued to the hearing.

Where the equitable and the legal estate in land becomes vested in one and the same person at one and the same time and in one and the same right, the two estates are merged and the lesser estates are absorbed

in the fee simple thus created. 10 R. C. L., 666. They cease to exist as such.

"Where one who has an equitable title acquires the legal title so that the same becomes united in the same person, the former is merged in the latter." *Odom v. Morgan,* 177 N. C., 367, 99 S. E., 195, and cases cited; *Peacock v. Stotl,* 101 N. C., 149.

"As a general rule, where a purchaser of land subject to a mortgage takes an assignment of the mortgage, the debt secured by the mortgage is extinguished." Anno. 95 A. L. R., 107; *Lydon v. Campbell,* 204 Mass., 580, 91 N. E., 151; 3 Pom. Eq. (5th), 151.

It is alleged that the bank was the real purchaser of the lien. There are circumstances which tend to show that it is the real owner thereof and that Poole is a mere dummy holder to conceal the true status of the lien. If this be so then there has been a merger and the mortgage lien is extinguished. This issue should be decided before there is any sale under the mortgage.

The trustee is a non-resident and it is apparent that the defendants, through their attorney, were handling the preliminaries looking to the sale. On 5 November, 1942, after the notice of sale had been published in the Moore County News, the trustee wrote the attorneys for the defendants, "you are requested to withhold advertisement of the property until further notice." Admittedly the letter had reference to this sale.

This notice from the trustee to withhold or discontinue publication of notice of sale withdrew any authority the trustee had conferred on the defendants or their attorneys to advertise for him and in his name. Any advertisement of sale thereafter was that of the defendants and not that of the trustee. It broke the continuity of publication of notice required by statute, C. S., 687, and no subsequent renewal of authority could bridge the gap or restore the publication to its original status. Hence, there was no valid publication of notice of sale.

The debt, evidenced by the mortgage note, was discharged by the bankruptcy. The plaintiff is no longer personally liable thereon. It remains only as a lien upon the land described in the mortgage, only a part of which is owned by plaintiff. Hence, equity does not demand that plaintiff tender or pay into court the full amount due on the lien as a prerequisite to a continuance of the restraining order.

The reply of plaintiff was filed after the hearing in the court below. The equities she undertakes to assert therein were not considered or decided. Hence, we refrain from any discussion thereof. If the deed from the bank to the plaintiff created, as between them, a superior equity in her and gave her any right to have the land owned by the bank first applied to the discharge of the lien, then her rights in respect thereto will be fully protected at the final hearing.

The trustee was not served with summons. Neither party seeks to take advantage of this fact. Even so, he should be brought in to the end that he may be bound by any judgment which may be entered in this cause. As this is an action in the nature of an *in rem* proceeding summons may be served by publication.

There was error in the order vacating the temporary restraining order. It should be continued to the final hearing. To that end the cause is remanded for further proceedings.

Error and remanded.