THOMAS PATTERSON BOWMAN AND WIFE, PEGGY MOON BOWMAN
v. JACK W. BARKER AND DEANE F. BELL, SUBSTITUTE TRUSTEE

No. 7419SC804

(Filed 4 December 1974)

Mortgages and Deeds of Trust § 20— action to enjoin foreclosure of deed
of trust — trustee necessary party

Where plaintiffs purchased a house and lot from defendant Barker
and gave him a note secured by a second deed of trust on the prop-
erty, the trustee named in the deed of trust was a necessary and in-
dispensable party in an action to have the deed of trust declared null
and void and the defendant Barker restrained from further· actions
with regard to selling the house and lot of plaintiffs.

· APPEAL by plaintiffs from *Crissman, Judge,* 3 June 1974
Civil Session of RANDOLPH County Superior Court. Heard in the
Court of Appeals 18 November 1974.

Plaintiffs instituted this action 5 June 1972, alleging that in
October 1965, the plaintiffs purchased a house and lot situate in
Randolph County, North Carolina, from the defendant, Jack W.
Barker. For the purchase price, the plaintiffs executed a note
to a building and loan association secured by a first deed of trust
on the property. In addition to this, the plaintiffs gave a note in
the amount of $650 to Jack W. Barker and secured same by a
second deed of trust on the property. This second deed of trust
named J. Harvey Luck as trustee. Luck died, and the defendant
Deane F. Bell was duly appointed substitute trustee on 7 August
1969. Plaintiffs alleged that at the time of giving the note of
$650 secured by the second deed of trust, the defendant Barker
promised to do certain additional work on the house; that despite
repeated demands therefor, the defendant Barker has failed and
refused to do any additional work on the house; that the defend-
ants Barker and Bell have threatened and harassed the plain-
tiffs, thereby causing the plaintiffs to pay an additional sum of
$100 which was not due; that on 25 May 1972, the defendants
wrongfully sold the plaintiffs' house and lot at a purported fore-
closure sale; that said sale is null and void and of no legal effect
and the plaintiffs wish it so declared; that the defendants have
placed the plaintiffs in fear and have caused the plaintiffs to
suffer mental anguish. The plaintiffs thereupon seek monetary
damages, a declaration that the deed of trust is null and void,
and that the defendants be restrained from any further actions
towards completion of the sale of plaintiffs' house and lot.

The plaintiffs procured a temporary restraining order on 14 June 1972, restraining the defendants from any further proceedings towards selling the house and lot. This temporary restraining order was continued from time to time until 28 September 1972, when it was continued until final judgment in the cause. The original defendant Barker died, and his administratrix adopted the pleadings filed in his behalf on 13 May 1974.

On 15 May 1974, the defendants moved for judgment on the pleadings or a summary judgment for that the complaint fails to state a cause of action and that the statute of limitations bars any action based upon the contract purportedly entered into 6 October 1965.

On 6 June 1974, the motion for judgment on the pleadings or summary judgment was heard, and the court adjudicated that the plaintiffs had failed to state a claim for relief against the defendant Bell, and it was adjudged that the motion for summary judgment as it related to the defendant Bell, substitute trustee, should be allowed. It was further adjudged that the plaintiffs have and recover nothing of the defendant Bell and that the action as to the defendant Bell be dismissed.

From this judgment, plaintiffs appealed.

*Ottway Burton for plaintiff appellants.*

*Bell, Ogburn & Redding by J. Howard Redding for defendant appellees.*

CAMPBELL, Judge.

The present status of this case reveals not only an action for monetary damages against the defendant Barker but likewise an action to have a deed of trust securing a note declared null and void and the defendant Barker restrained from further actions with regard to selling the house and lot of the plaintiffs. In this situation, the trustee in the deed of trust is a necessary and indispensable party. *Smith v. Bank,* 223 N.C. 249, 25 S.E. 2d 859 (1943); *Grady v. Parker,* 228 N.C. 54, 44 S.E. 2d 449 (1947). The judgment dismissing the action as to Bell, substitute trustee, is erroneous.

Reversed.

Judges MORRIS and MARTIN concur.