Puarson, J.
 

 We might content ourselves with affirming the order dissolving the injunction on. the ground that the allegations of the bill are fully answered ; but that might tempt the plaintiff to proceed with his bill, in the hope of being able to disprove the answers, and thus costs would be incurred unnecessarily ; for which reason we think it best to put our decision on the ground that, according to the plaintiff’s own allegations, he does not entitle himself to the interference of a Court of Equity.
 

 A general charge of combination, collusion and fraud, no matter how often intimated, does not give a plaintiff any ground to stand on in a Court of. Equity : He must bring his case within some distinct principle or head of equity jurisdiction. Admit that there is a combination between Chaffin and Wheeler, by which the latter is. to be allowed to remain in possession as long as he can hold off the plaintiff, and the former is to be ready to interfere and turn the
 
 *270
 
 plaintiff out as soon as he shall take possession under his writ, and put Wheeler back into the possession again ; and that Chaffin took the judgment in the action of ejectment, in order to have a writ of possession ready for that purpose ; — and the question is, does
 
 the
 
 plaintiff’s case fall under the head of any equity jurisdiction ? The answer is, it does not, for two reasons — the plaintiff
 
 has not established his title at lawj
 
 and
 
 no irreparable injury is threatened.
 

 From the special prayer, that the plaintiff may be quieted in his possession, when he obtains it under his writ of possession, and that the defendants may be enjoined from depriving him of such possession by executing their false and fraudulent writ of possession, the idea seems to have been that the plaintiff’s case falls either under the head of a “ bill of peace ” or of
 
 “
 
 injunction against destructive trespass.”
 

 In regard to the former, it is settled, “ where the plaintiff has, after
 
 repeated and satisfactory
 
 trials, established his right at law, equity will interfere to suppress'future litigation of the right.” “ However, Courts of Equity will not interfere in such cases, before a trial at law, nor until the right has been satisfactorily established at law. — But if the right is satisfactorily established, it is not material what number of trials has taken place, whether
 
 two only,
 
 or more.” Story’s Equity, sec. 859.
 

 In regard to the latter it is settled, “ an injunction will lie for protection of a title
 
 admitted or proved at law,
 
 whenever the act complained of is not a mere ouster or temporary trespass, but is attended with permanent results, destroying or materially altering the estate j” as, for example, if a man be pulling down his neighbor’s house or the like. If it be a mere
 
 ouster or temporary trespass,
 
 the recovery of the law by an action of ejectment or of damages by an action of trespass are sufficient remedies, and an injunction will not lie.” Adams’Equity, 210, and
 
 note thereto,
 
 — “there must be something particular in the case, so as
 
 to
 
 bring the injunction under the head of quieting the possession, or pi-eventing irreparable injury ” for which
 
 Livingston
 
 v. Livingston, 6 Johns, Ch., R. 497, is cited.
 

 The plaintiffs’ proper course, therefore, was to take possession under his writ, and if Chaffin ousted him, the remedy was to bring an action of ejectment against Chaffin, in which the title at law
 
 *271
 
 could be tried. Until the plaintiff does try his title at law, no matter what he may allege as to combination and conspiracy to disturb his possession, and interfere with his enjoyment of the property, equity cannot interfere ; for until then he has not shown himself entitled to the possession or the property, and consequently he has nothing for a Court of Equity to protect.
 

 From the general prayer with which the bill concludes, it may be that the plaintiff supposed he had a right to relief in equity upon the ground that the deed from Wheeler to Locke was fraudulent as to creditors, and the deed from Locke to Chaffin was also fraudulent as to creditors ; and so both deeds were void under the Statute of Elizabeth. If so, the plaintiff has a clear remedy at law. The real matter of contention between him and Chaffin is whether the deeds, under which the latter claims, are fraudulent as to creditors, that depends upon the intent with which they were executed and is a matter peculiarly fit for the investigation of a jury. It is true, when a question of the kind is presented collaterally in a suit already constituted in a Court of Equity, that Court will either decide it or have it tried at law ; but the Court will not take a distinct and independent jurisdiction, unconnected- with any other equitable ingredient, in order to try a mere question of fraud against creditors under the Statute of Elizabeth — because it is purely a legal question.
 

 It is proper to add that both defendants fully deny the allegations of fraud in reference to these deeds, and aver that they were executed
 
 bona fide
 
 and challenge the plaintiff to a trial of that issue before a jury.
 

 Per Curiam. Interlocutory order dissolving the injunction affirmed.