J. A. JACKSON v. ELDRIDGE JERNIGAN.

(Filed 1 November, 1939.)

1. **Boundaries § 6: Injunctions § 6a—Injunction will not lie as ancillary remedy in processioning proceeding pending final determination.**

When defendant in a processioning proceeding puts title in issue, the cause should be transferred to the civil issue docket for trial, but when he does not do so the proceeding does not involve title or right to possession, but solely the location of the true dividing line, C. S., 363, and therefore injunctive relief will not lie at the instance of one party to enjoin the other from retaining possession of the disputed strip, pending the final determination of the proceeding, even in the Superior Court on appeal, since the restraint sought is not germane to the subject of the action. C. S., 843, 844. *Semble:* Nor would injunction lie in an independent suit, since defendant's entry into possession under the clerk's judgment in the processioning proceeding is more like an ouster than a continuing trespass.

**2. Injunctions § 6a—**

> Injunction will not lie to prevent damage by trespass when it appears that the damage has already been done, since injunction will not lie to redress a consummated wrong, or to establish a cause of action.

APPEAL by defendant from *Stevens, J.,* at Chambers, 20 May, 1939. From SAMPSON. Reversed.

The plaintiff brought this action and caused injunction to be issued against defendant under the following circumstances:

Prior to the institution of the action a special proceeding had been brought by the defendant in this case to have the line dividing their lands determined under C. S., 363. Survey of the lands was made as provided by law, and on 3 May, 1938, a judgment was rendered in favor of the petitioner in that proceeding, the present defendant Jernigan, determining the boundary in a manner which included the strip of land now in controversy.

On 20 January, 1939, on motion of Jackson to have the order set aside upon newly discovered evidence, the court, in its discretion, set aside the judgment of 3 May, 1938, and ordered a new survey at the cost of Jackson. A delay ensued, which is the matter of controversy between the parties, and the survey under this order was not made, but Jackson took possession of the strip of land according to his contention and proceeded to cultivate it.

Thereafter, on 22 March, 1939, on application of the petitioner, Jernigan, but without notice to Jackson, the clerk set aside his more recent order of 20 January, 1939, and reaffirmed and redeclared his judgment of 3 May, 1938, under which judgment the lands in dispute fell again to Jernigan. The plaintiff in this case caused an appeal to be made to the Superior Court. The line was run, however, as established by the court in this judgment, and on 22 March, 1939, the defendant Jernigan entered upon the strip of land and began to cultivate the same.

Thereupon, the plaintiff brought this action, setting up his claim to certain lands by description, allegedly including the disputed strip, and setting up the various steps which had been taken in the processioning proceeding in which, amongst other pertinent allegations, he complains:

"15. That since the last order was signed by the clerk and irrespective of the fact that the plaintiff gave notice of appeal therefrom, which appeal is now pending, the defendant Jernigan has entered upon said lands, has plowed up the cotton previously planted by the plaintiff and is attempting to confiscate said lands and cultivate them himself without due process of law.

"16. That if the defendant is permitted to proceed with the cultivation of said lands before the true boundary line is established by a court of competent jurisdiction, this plaintiff will be irreparably damaged."

The defendant demurred to the complaint and application for injunction as not stating any grounds for equitable relief of this nature, pointing out the pendency of the processioning proceeding, the various steps of which he sets up in detail. The judge overruled the demurrer and defendant appealed.

*J. R. Young for plaintiff, appellee.*
*R. L. Godwin for defendant, appellant.*

SEAWELL, J. Plaintiff brought this proceeding for injunction as an auxiliary remedy for the protection of his property and possessory rights pending the final determination of the processioning proceeding brought by the defendant to establish the dividing line between the parties. C. S., 361 *et seq.* The matter was heard below and argued here on that theory, and it is fully adopted in the complaint or application upon which the injunction was granted. The plaintiff argues that since the clerk of the Superior Court, before whom the special proceeding was pending, has no authority to issue the writ, and since protection should not be wholly denied, auxiliary injunctive relief must be given by a judge of the Superior Court, citing *Hunt v. Sneed*, 64 N. C., 176, where that procedure was recognized as proper in some instances.

But it may be said in the case at bar if the clerk has no authority to issue the writ, neither do the matters committed to his jurisdiction by the cited statute call for it. The property rights alleged to be invaded or endangered—the title to the land and its peaceable possession—are not involved as yet in the proceeding, which concerns only the establishment of a dividing line. In such a situation injunction will not lie. *Wilson v. Alleghany Co.*, 124 N. C., 7, 32 S. E., 326.

True, if the proceeding runs its course and results in a final judgment establishing the line, the property rights of both parties will be affected by the judgment, and will be determined or foreclosed, since the line is established as of the date of the proceeding as a true line between the parties and not as a mere interpretation of the instruments of title; but such rights are foreclosed only because they have not been pleaded and thus drawn into the controversy.

Our statutes relating to injunction have, in some instances, modified the conditions under which the writ may issue, and, in others, have given it specialized application contrary to former equity practice. C. S., 843, 844. It is, of course, a proper remedy for relief against continuing trespass, either where perpetual injunction is sought in an independent action or where the injunction is ancillary to an action in which the title to land or the right to its possession is at issue; and its function in such cases is to protect the subject of the action against destruction or wrong-

ful injury until the legal controversy has been settled. But the broad provision of C. S., 843—the general statute relating to the issuance of the writ—still do not permit injunction to issue when the restraint sought is not germane to the subject of the action—that is, when it is not in protection of some right being litigated therein.

Ordinarily, a processioning proceeding involves neither the title to land nor its possession. *Cole v. Seawell,* 152 N. C., 349, 67 S. E., 753. It is devised for the speedy and inexpensive settlement of disputes over dividing lines, and it depends for its efficacy on the indisposition of either party to bring the title into the controversy. *Parker v. Taylor,* 133 N. C., 103, 45 S. E., 473. The respondent has the right to do this, upon proper allegation, and the petitioner may reply in kind. This is apt to be the case when the location of the line, here or there, involves a gain or loss of important territory. When allegations are made raising an issue as to the title, the proceeding loses its character as a special proceeding and is converted into an action to try or to clear the title to the land, and is put upon the civil issue docket in the Superior Court, there to be heard as other such actions. *Woody v. Fountain,* 143 N. C., 66, 55 S. E., 425; C. S., 758.

When the proceeding has thus emerged from the chrysalis stage into the full-winged imago, we apprehend that all the rules and conditions regulating the highly protective ancillary remedy of injunction would be in force; but, even under such circumstances, these do not ordinarily include dispossession of disputed premises, or, for that matter, restraint from their cultivation. The writ cannot be used as an instrument to try the title to land or settle a dispute as to its possession.

In the case at bar, the processioning proceeding has not gone beyond its original phase, and all matters concerning it are still within the limited purview of the processioning statute, without allegation, controversy, or issue outside of the dispute about the location of the line. Upon that question alone, there is nothing upon which the right to the writ may attach. *Wilson v. Alleghany Co., supra.*

It was the privilege of the respondent to raise the issue as to the title in the special proceeding, and we think he was required to do so as a basis for any equitable relief he might demand in that proceeding.

We need not pass upon the question whether the plaintiff might maintain an independent action for the relief sought, regardless of the pendency of the special proceeding. As stated, the plaintiff has not regarded the present proceeding for injunctive relief as being of that character, but even if we were permitted to regard the proceeding independently of the processioning proceeding, we do not think from that point of view the factual situation set up in the complaint justifies the issue of the writ. It has more the appearance of an ouster than a con-

tinuing trespass, and against this injunction will not lie. *Lyerly v. Wheeler,* 45 N. C., 267. Apparently, each party went into possession according as he fell on the one side or the other of the shifting line of court decision, and the last to occupy the small area involved was the defendant. Whatever his original act of destruction of plaintiff's crop, that is now an accomplished fact against which injunction will not prevail.

Preventive injunction is asked for, and it cannot be used to "redress a consummated wrong" or to undo what has been done. 32 C. J., p. 22; *Lacassagne v. Chapuis,* 144 U. S., 119, 36 L. Ed., 368; *Clark v. Donaldson,* 104 Ill., 639.

For these reasons, the judgment overruling the demurrer is
Reversed.