HOWARD YOUNG v. W. C. PITTMAN and WIFE, MRS. W. C. PITTMAN.

(Filed 29 March, 1944.)

**1. Injunction § 6—**

Ordinarily, a court of equity will not interfere by injunction to determine a disputed question of title to land, nor undertake to dispossess one party for the benefit of another, but rather will leave the controverted issues of fact to be decided in an action at law.

**2. Same: Trespass § 1g—**

When equity has been invoked by allegations of continuous trespass or wrongful interference with present right of possession, under circumstances permitting the inference of inadequate remedy at law, or other ground of equitable jurisdiction, the court may proceed to give relief by temporary restraining order, pending the action, with such reasonable restrictions as the exigencies of the case may require.

**3. Injunction § 6—**

As one of the ends sought by the use of the ancillary remedy of injunction is to preserve the *status quo* and to protect the parties from irreparable injury, and in view of the evidence that defendant's dwelling and spring would be endangered by the use of high explosives, it was proper for the court's order to restrict the plaintiff's use of dynamite in mining mica and feldspar within 200 yards of the said house and spring.

**4. Adverse Possession § 9a—**

A letter of one purporting to be attorney for one of plaintiff's predecessors in title, disclaiming any interest in the land in controversy, is neither muniment nor color of title.

APPEAL by plaintiff and defendants from *Pless, J.,* at November Term, 1943, of AVERY. Affirmed on both appeals.

A temporary restraining order was continued to the hearing, restraining defendants from interfering with plaintiff's mining for mica and

feldspar in certain lands, with restrictions upon plaintiff's use of explosives near defendants' home.

Defendants appealed from the order continuing the restraining order. Plaintiff appealed from so much of the order as imposed restriction on his mining operations.

*J. V. Bowers for plaintiff.*

*W. C. Berry and L. S. Brassfield for defendants.*

## DEFENDANTS' APPEAL.

DEVIN, J. The defendants base their appeal from the order continuing the temporary restraining order to the hearing upon the ground that the title to the mineral rights claimed by plaintiff in the described lands was in dispute, and that the ancillary remedy of injunction properly would not be available until final determination of the issues of fact.

Ordinarily, a court of equity will not interfere by injunction to determine a disputed question of title to land, nor undertake to dispossess one party for the benefit of another, but rather will leave the controverted issues of fact to be decided in an action at law. *Black v. Jackson,* 177 U. S., 349, 26 A. J., 322, 32 C. J., 26, 134. But when equity has been invoked by allegations of continuous trespass or wrongful interference with present right of possession, under circumstances permitting the inference of inadequate remedy at law, or other ground of equitable jurisdiction, the court may proceed to give relief by temporary restraining order, pending the action, with such reasonable restrictions as the exigencies of the case may require. Pomeroy Eq. Jur. (5th Ed.), sec. 252. When relief is sought against a continuing trespass, a restraining order may properly issue without allegation of insolvency, G. S., 1-486; *Cobb v. R. R.,* 172 N. C., 58, 89 S. E., 807; and this ancillary remedy may be available in an action where the title to land is at issue, *Jackson v. Jernigan,* 216 N. C., 401, 5 S. E. (2d), 143, but may not be used as an instrument to settle a dispute as to the possession, or to effect an ouster, *Jackson v. Jernigan, supra.* Where a continuous trespass is alleged and no harm can result the court may continue the restraining order until the facts can be determined. *R. R. v. Transit Co.,* 195 N. C., 305, 141 S. E., 882; *Kinsland v. Kinsland,* 188 N. C., 810, 125 S. E., 625.

The power of the court to restrain a continuing trespass, in proper case, has been upheld in other jurisdictions. *United Fuel Gas Co. v. Townsend,* 104 W. Va., 279, 139 S. E., 856; *Union Cent. Life Ins. Co. v. Audet,* 94 Mont., 79, 21 P. (2d), 53; *St. Louis Mining & Milling Co., v. Montana Mining Co.,* 58 Fed., 129. Numerous cases on this point are cited in annotations in 32 A. L. R., 464 (546), and 92 A. L. R., 578.

*A fortiori* is this principle applicable when substantial evidence of title or possession on the part of the alleged trespasser is lacking and the plaintiff shows a *prima facie* title.

While the court below made no specific findings of fact, in the absence of request, it appears from the pleadings and affidavits set out in the record that there was evidence to support the ruling that the temporary restraining order should be continued, pending the final determination of the issues raised by the pleadings. The surface and mineral rights in the land had been, by deed or reservation, segregated. *Vance v. Pritchard,* 213 N. C., 552, 197 S. E., 182; *Hoilman v. Johnson,* 164 N. C., 268, 80 S. E., 249. The plaintiff, claiming under a mining lease from E. C. Guy and D. T. Vance for the minerals and mineral rights in and upon the land, showed a *prima facie* title in his lessors. This chain of title was the same as that referred to in *Vance v. Guy,* 223 N. C., 409. The defendants, owners of the surface, and alleging title to the minerals, refused to permit plaintiff to mine for mica and feldspar. However, the defendants' claim of title to the minerals was based on adverse possession, of which at the hearing no substantial evidence was offered. *Davis v. Land Bank,* 219 N. C., 248, 13 S. E. (2d), 417; *Vance v. Guy, supra.* The letter of one Harrison Baird purporting to be attorney for one of plaintiff's predecessors in title disclaiming any interest in the land was neither muniment nor color of title to support defendants' plea.

Upon the evidence before the court on the hearing, we think the conclusion was warranted that no serious questions of title or possession were raised by the defendants, and that plaintiff's right of ingress for the purpose of mining was being wrongfully and continuously denied. In addition, there was evidence offered by plaintiff that the mica which plaintiff was attempting to mine was "of No. 1 quality strategic mica, the very identical kind being sought now by the United States Government through its subsidiary, Colonial Mica Corporation, for production to further the war effort." The court's order restrains interference on the part of defendants and permits the mining and removal of mica and feldspar from the land pending the action, and at the same time affords protection to any interests the defendants may have therein by requiring adequate bonds and accounting for proceeds of sales. *Falls v. McAfee,* 24 N. C., 236 (239).

The ruling of the court below in continuing the temporary restraining order to the hearing will not be disturbed. It will be understood, however, that neither the court's order nor this opinion is intended to prejudice the defendants in the assertion of title to the mineral rights referred to by additional or other evidence which they may hereafter be able to present in the trial of the cause on the issues raised in the pleadings.

PLAINTIFF'S APPEAL.

In view of the evidence that defendants' dwelling house and the spring from which water is piped for domestic purposes would be endangered by the use of high explosives, the order appealed from restricts the plaintiff in his mining operations from using dynamite for the purpose of mining mica or feldspar within 200 yards of the house or spring.

As one of the ends sought by the use of the ancillary remedy of injunction is to preserve the status quo and to protect the parties from irreparable injury pending the final determination of the action, we think the insertion of this qualification upon plaintiff's right to mine was in the exercise of a wise and just discretion on the part of the judge. His ruling will be upheld.

On defendants' appeal: Affirmed.

On plaintiff's appeal: Affirmed.