TOWN OF FREMONT v. MACK D. BAKER AND WIFE, ELSIE MAE W. BAKER, T. R. UZZELL, TRUSTEE, AND ATLAS WEBB AND WIFE, EFFIE WEBB.

(Filed 8 October, 1952.)

**1. Appeal and Error § 40c—**

On appeal from an order granting or denying injunctive relief, the findings of fact made by the court are not conclusive, but nevertheless they will not be disturbed when they are clearly supported by the evidence offered.

**2. Easements § 3—**

An easement by prescription must have boundaries sufficiently definite to be located and identified with reasonable certainty, and allegations that plaintiff municipality had obtained an easement by prescription across the back part of defendant's lot for the purpose of maintaining and repairing its water and sewer mains, without any allegation as to the width of the easement or its boundaries, is insufficient to state a cause of action for an easement by prescription.

**3. Pleadings § 24c—**

Proof without allegation is as unavailing as allegation without proof.

**4. Injunctions § 8—**

A temporary restraining order issued in a suit for permanent injunction will ordinarily be continued to the hearing to preserve the *status quo* when serious issues of fact are raised and plaintiff makes it appear *prima facie* that he will be able to maintain his primary equity, and there is reasonable apprehension of irreparable loss or the destruction of the subject matter of the action or wrongful injury thereto.

**5. Injunctions § 1a—**

Injunction will not lie to settle a dispute as to the possession of realty or to dispossess one person for the benefit of another.

**6. Injunctions § 8—Temporary restraining order should be dismissed when continuance is not necessary to preserve property rights or prevent irreparable injury.**

Plaintiff municipality instituted suit to restrain the obstruction of its asserted easement by dedication for the maintenance and repair of its water and sewer mains across the vacant part of defendant's lot. At the time the action was instituted defendant had already begun construction on the land, and walls of the structure had been built. *Held:* Temporary restraining order issued in the cause was properly dismissed on the hearing to show cause, since the original *status quo* could not be preserved without requiring defendant to remove the walls already erected, to which remedy plaintiff was not entitled at that time, and since plaintiff has not shown that its rights would be lost or materially impaired unless the restraining order were continued to the hearing.

**7. Same—Where injunctive relief is not sole objective of action, and serious issues of fact are raised, court may not dismiss the action on hearing of order to show cause.**

Even though an order to show cause why a temporary restraining order should not be continued to the hearing on the merits is heard at term time, the court, in the absence of waiver of trial by jury, has no authority to determine, without the aid of a jury, serious issues of fact raised therein upon which the property rights of the parties depend, and even though the court properly dismisses the temporary restraining order, it is error for the court to dismiss the action, since the action is not before the court on its merits, and injunctive relief is not the sole objective of the action. The agreement of the parties in this case that the judge might enter judgment out of term, construed in the light of the record, *held* not to amount to a waiver of jury trial.

**8. Same—**

Upon the hearing of an order to show cause why a temporary restraining order should not be continued to the hearing, findings by the court in regard to the respective property rights of the parties in the subject matter are not binding on the court or the parties upon the hearing of the cause on the merits.

APPEAL by plaintiff from *Grady, Emergency Judge,* June Term, 1952, WAYNE. Modified and affirmed.

Civil action to restrain the obstruction of a right of way easement for the maintenance and repair of plaintiff's water and sewer mains and for a decree adjudging plaintiff's right to the possession and use of said easement.

Plaintiff is a municipal corporation. The area within its boundary lying on the north side of Main Street between Railroad Street and Sycamore Street is divided into twelve lots facing Main Street and extending

northerly. The lots vary in depth from 88 to 140 feet. Buildings have been constructed on these lots. Due to the depth of the respective lots and the buildings thereon, the open space to the rear of the buildings extending from Railroad to Sycamore Street is very irregular in width.

In 1922 plaintiff was installing water and sewer mains. On petition of the owners of the twelve lots, it agreed to locate the mains, intended and designed to serve the buildings on said lots, in the open space to the rear of the buildings rather than in Main Street. It alleges that the property owners then and there dedicated to the public an easement or right of way in said space for the location and maintenance of said mains, including the right of ingress and egress for those purposes.

Defendants own one of the lots on Main Street, twenty-one feet wide and extending back 120 feet. The building thereon was 88 feet in depth with a play pen to the rear. Defendant Mack D. Baker, the owner of the lot and the real party in interest, has now begun the construction of an addition to his building. The addition will extend to the northern end of his lot and be located over and across plaintiff's water and sewer mains. The walls of this building are constructed of concrete blocks and said defendant intends to construct the flooring of concrete. The walls are set ten inches in the ground and have been completed, but the roof has not been constructed and the floor of concrete has not been laid.

Upon the institution of this action plaintiff obtained a temporary restraining order. The rule to show cause why the restraining order should not be continued to the hearing was returnable before Hatch, Special J. He continued the same to the June Term to be heard by the judge presiding. At the June Term, Grady, Emergency J., presiding, it was agreed in open court "that the presiding Judge might take all of the papers to his home, hear the case upon affidavits, exhibits, and stipulations of the parties, and enter judgment out of term and out of the county, as should appear just and proper upon the facts as found."

In due time Grady, Emergency J., found the facts, including the findings that (1) plaintiff has acquired an easement across the land of defendants which "carries with it the ordinary privileges incident to the maintenance and repair of Water & Sewage Systems, and the defendants have no right to interfere in any way with the exercise of such rights;" (2) the walls of the building had been constructed and the right of way blocked or obstructed when this action was instituted and the obstruction is a *fait accompli;* (3) plaintiff has an adequate remedy at law; (4) no damages have been shown; and (5) plaintiff will not suffer irreparable damage by reason of the construction of said building. He thereupon entered judgment dissolving the temporary restraining order and dismissing the action. Plaintiff excepted and appealed.

*B. F. Aycock and Dees & Dees for plaintiff appellant.*

*J. Faison Thomson and J. Faison Thomson, Jr., for defendant appellees.*

BARNHILL, J.　While in appeals of this character from an order granting or denying injunctive relief, the findings of fact made by the court below are not conclusive and binding on this Court, a careful examination of the record discloses no reason why we should at this stage of the proceeding undertake to revise the facts found by the court below. *Smith v. Bank,* 223 N.C. 249, 25 S.E. 2d 859; *Gaines v. Manufacturing Co.,* 234 N.C. 340, 67 S.E. 2d 350. The essential facts on the rule to show cause sufficiently appear in the findings made by the court below.

The plaintiff stressfully contends that it has acquired by prescription a general alleyway across the land of defendants, which alley, it contends, extends from Railroad Street to Sycamore Street over and along the vacant property to the rear of the buildings fronting on Main Street. We may concede, without deciding, that it offered some evidence to this effect. Even so, on this record plaintiff's contention is without merit. The complaint does not sufficiently allege the existence of a public alleyway. *Hemphill v. Board of Aldermen,* 212 N.C. 185, 193 S.E. 153; *Cahoon v. Roughton,* 215 N.C. 116, 1 S.E. 2d 362; *Thompson v. Umberger,* 221 N.C. 178, 19 S.E. 2d 484; *Chesson v. Jordan,* 224 N.C. 289, 29 S.E. 2d 906; *Speight v. Anderson,* 226 N.C. 492, 39 S.E. 2d 371; Anno. 143 A.L.R. 1403. And proof without allegation is as unavailing as allegation without proof. *Whichard v. Lipe,* 221 N.C. 53, 19 S.E. 2d 14; *Flying Service v. Martin,* 233 N.C. 17, 62 S.E. 2d 528; *Bowen v. Darden,* 233 N.C. 443, 64 S.E. 2d 285.

Before defendants began the erection of the addition to their building, the rear of their lot was vacant for a distance of thirty-two feet. Does plaintiff claim an alley thirty-two feet in width? If not, where does the alley cross the same? How wide is the easement and what are its boundaries? As to these essentials of a public way the complaint contains no averment.

In the complaint the plaintiff's right to require a passageway from Railroad Street to Sycamore Street to be kept open to the end it may have free and unobstructed access to its water and sewer mains for the purpose of maintenance and repair is predicated on an alleged agreement made between the plaintiff and the property owners at the time the mains were installed. Thus the plaintiff asserts an easement by dedication. Should the temporary restraining order be continued to the final hearing so as to maintain the *status quo* until the issues raised by the pleadings in this respect are finally determined? This is the real question posed for decision.

Ordinarily a temporary restraining order should be continued until the final hearing when it is made to appear, *prima facie,* that the plaintiff will be able to maintain his primary equity and there is reasonable apprehension of irreparable loss unless it remains in force, or it appears to be reasonably necessary to protect plaintiff's rights until the controversy between the parties can be determined. *Boone v. Boone,* 217 N.C. 722, 9 S.E. 2d 383; *Smith v. Bank,* 223 N.C. 249, 25 S.E. 2d 859.

When the main purpose of an action is to obtain a permanent injunction and the evidence presents a serious issue as to the existence of facts which, if established, would entitle the plaintiff to the relief demanded, *Springs v. Refining Co.,* 205 N.C. 444, 171 S.E. 635; *Bailey v. Bryson,* 214 N.C. 212, 198 S.E. 622, or when it is necessary to protect the subject of the action against destruction or wrongful injury until the legal controversy has been settled, *Lawhon v. McArthur,* 213 N.C. 260, 195 S.E. 786; *Jackson v. Jernigan,* 216 N.C. 401, 5 S.E. 2d 143, the usual practice is to continue the temporary restraining order to the hearing.

Conversely, the order will not be continued when no issues of fact are raised, *Cox v. Kinston,* 217 N.C. 391, 8 S.E. 2d 252, or when a permanent injunction is the only relief sought and no probable equity is made to appear, *Teer v. Jordan,* 232 N.C. 48, 59 S.E. 2d 359; *Mosteller v. R. R.,* 220 N.C. 275, 17 S.E. 2d 133; *Cahoon v. Comrs. of Hyde,* 207 N.C. 48, 175 S.E. 846, or when plaintiff seeks to restrain a consummated wrong, *Jackson v. Jernigan, supra; Branch v. Board of Education,* 230 N.C. 505, 53 S.E. 2d 455; *Groves v. McDonald,* 223 N.C. 150, 25 S.E. 2d 387.

Nor may a restraining order be used as an instrument to settle a dispute as to the possession of realty or to dispossess one for the benefit of another. *Armstrong v. Armstrong,* 230 N.C. 201, 52 S.E. 2d 362; *Young v. Pittman,* 224 N.C. 175, 29 S.E. 2d 551.

The plaintiff did not institute this action until after defendants had entered upon and, by the erection of the walls to their annex, substantially obstructed the alleged easement, thereby effectively preventing ingress and egress over and across their land along the course of the water and sewer mains. Therefore a continuance of the restraining order would not serve to maintain the original *status quo.* without a further order summarily ousting defendants and requiring them to remove the walls they have erected—a remedy to which plaintiff is not entitled at this stage of the proceeding.

Plaintiff may be entitled to the free and unobstructed access to its mains as an essential part of an easement granted or dedicated by the property owners. This we may concede. Even so, it has failed to show that there is any immediate danger of irreparable damage or that its rights will be lost or materially impaired pending the trial unless the

9—236

restraining order is continued to the hearing. *Branch v. Board of Education, supra.*

It follows that plaintiff has failed to show harmful error in the order of the court below dissolving the temporary restraining order.

· But the court below likewise dismissed the action at the cost of the plaintiff. In this there was error.

The action came on for hearing at term. Even so, it was before the court on the rule to show cause. There is nothing in the record to indicate that it was calendared for hearing on the merits. The record fails to disclose a waiver of trial by jury. And plaintiff asserts that it did not agree to submit the case to the judge for any purpose other than to decide whether the temporary restraining order should be continued to the hearing.

· The stipulations of counsel as recited in the judgment are somewhat ambiguous and might be held sufficient to constitute a submission of the whole controversy to the judge to find the facts and render judgment on the merits in accord with the facts found. When, however, the agreement is. construed in the light of the record and the position plaintiff now assumes, it can mean nothing more than a stipulation that the court should consider the affidavits, find the facts "and enter judgment out of term . ... as should appear just and proper" on the interlocutory motion.

Injunctive relief is not the sole objective of plaintiff's ·action. It is ancillary to its main cause of action. Its ownership of an easement over and across the lands of defendants and other property owners along the line of its water and sewer mains and its rights incident thereto have not been adjudicated so as to become a matter of public record. It seeks a judgment in this action decreeing that it is the owner, by dedication, of a right of way over and across the land of defendants for the purpose of maintaining and repairing its said mains with the right to keep said way free of any obstruction which would interfere with or impede its free access thereto. Defendants deny the existence of the right of way asserted by plaintiff. Thus there are issues of fact to be determined in a trial by jury. This being true, the court was without jurisdiction to dismiss the action. *Groves v. McDonald, supra; Briggs v. Briggs,* 234 N.C. 450, 67 S.E. 2d 349; *Bond v. Bond,* 235 N.C. 754.

It is true the court found as a fact that plaintiff has acquired an easement across the land of defendants which "carries with it the ordinary privileges incident to the maintenance and repair of Water & Sewage Systems, and the defendants have no right to interfere in any way with the exercise of such rights," and there is no exception to such findings. But this finding does not serve to protect plaintiff or judicially establish its easement, for the findings of the judge made at a preliminary hearing such as the one here involved are not binding on the court or the parties

at the hearing on the merits. *Sineath v. Katzis,* 219 N.C. 434, 14 S.E. 2d 418; *Branch v. Board of Education, supra.*

At the time of the hearing a demurrer to the complaint for that it fails to state a cause of action was pending. There is nothing in the record to indicate that the court below considered the same. Nor does it appear that the action was dismissed on the grounds stated in the demurrer. Yet the demurrer appears in the record and counsel referred to it in the oral argument. We take note thereof merely to forestall any suggestion that we have overlooked this phase of the case.

That we sustain the judgment dismissing the temporary restraining order does not constitute a license for defendants to complete the construction of the annex to their building. They are now fully advised of the rights plaintiff is asserting and will proceed at their own risk.

So much of the judgment as undertakes to dismiss the action is vacated and the cause is remanded with direction that it be reinstated upon the civil issue docket for trial of the issues raised by the pleadings. As so modified, the judgment entered in the court below is affirmed.

Modified and affirmed.