MARGUERITE GUNKEL AND THE SUN JOURNAL, INC. v. CHARLES
H. KIMBRELL, MAYOR; BEN B. HURST, TOM I. DAVIS, ELLA J.
BENGEL, TIMOTHY A. MONTGOMERY AND GRAY INGRAM,
INDIVIDUALLY AND AS MEMBERS OF THE BOARD OF ALDERMEN OF THE
CITY OF NEW BERN, A MUNICIPAL CORPORATION; SAMUEL P. BRANCH,
WILLIAM M. BRYAN, JOHN G. DUNN, HARRY L. VATZ AND
CLIFTON L. McCOTTER, INDIVIDUALLY AND AS MEMBERS OF THE
REDEVELOPMENT COMMISSION OF THE CITY OF NEW BERN; AND THE
REDEVELOPMENT COMMISSION OF THE CITY OF NEW BERN

No. 753SC1016

(Filed 2 June 1976)

Appeal and Error § 6— denial of preliminary injunction — premature ap-
peal

     Purported appeal from an order denying a preliminary injunc-
tion restraining a municipal board of aldermen and a redevelopment
commission from holding meetings in violation of the open meetings
law is from an interlocutory order and must be dismissed where
appellants have not shown that the order will deprive them of a sub-
stantial right if not corrected before a final hearing on their com-
plaint. G.S. 1-277(a).

APPEAL by plaintiffs from *Rouse, Judge*. Orders entered
22 October 1975 and 6 November 1975 in Superior Court, CRA-
VEN County. Heard in the Court of Appeals 6 April 1976.

This is a civil action by the plaintiffs, Marguerite Gunkel
and the Sun Journal, Inc., against the defendants, City of New
Bern; Charles H. Kimbrell, Mayor of New Bern; the New Bern
Board of Aldermen and certain members individually; and the
New Bern Redevelopment Commission and certain members in-
dividually, seeking preliminary and permanent injunctions
against defendants, enjoining them "from holding any official
meetings in contravention of" North Carolina's open meetings
law and a temporary and permanent injunction requiring that
"advance notice be given to all media and the public at large
of any official meeting."

Plaintiffs, in their complaint, allege in pertinent part the
following:

     "10. That the plaintiffs are informed, believe and
therefore allege that on or about the 4th day of August,
1975, at or about 1:00 p.m., in the Holiday Inn, New Bern,
North Carolina, a majority of the Redevelopment Commis-
sion of the City of New Bern and the Board of Aldermen
for the City of New Bern met in one room.

11. That the plaintiffs are informed, believe and therefore allege that during the aforesaid meeting the defendants, both individually and in their official capacities, transacted the public business within the jurisdiction, either real or apparent, of said bodies, and that said meeting constituted an official meeting within the definitional terms contained in General Statute § 143-318.2.

12. That the plaintiffs are informed, believe and therefore allege that some, but not all, of the acts made reference to in the next above paragraph included discussions concerning a modification of the master plan for the redevelopment site in downtown New Bern, North Carolina; the development of a five (5) acre park in the twenty-three (23) acre redevelopment area; and, discussions concerning a bid, either submitted or to be submitted, by Wachovia Bank & Trust Company, concerning certain real property located within the redevelopment area.

* * *

15. That the plaintiffs, and other members of the general public similarly situated, were excluded from the meeting made reference to above as no notice whatsoever to the public at large was given of said meeting, and if notice had been given the plaintiffs or other members of the public would have attended said meeting.

16. That the legal rights of the plaintiffs to attend meetings of the New Bern Board of Aldermen and the Redevelopment Commission of the City of New Bern as provided in Article 33B of Chapter 143 of the General Statutes of North Carolina are insecure; and, that a real controversy exists between the plaintiffs and the defendants, and that the plaintiffs' legal rights to attend meetings of the New Bern Board of Aldermen and the Redevelopment Commission of the City of New Bern will remain uncertain unless declared by this Court.

17. That unless the New Bern Board of Aldermen and the Redevelopment Commission of the City of New Bern are restrained and enjoined from conducting further similar meetings in violation of Article 33B of Chapter 143 of the General Statutes of the State of North Carolina, the plaintiffs and others similarly situated and the public will suffer immediate, pressing and irreparable damage and injury."

The defendants answered, admitting that an informal luncheon was held on 4 August 1975 in the Holiday Inn and that the individually named defendants were present. They also admitted that no notice of the luncheon was given to the public and that those present "discussed the possibility of modifying the master plan for the redevelopment site in downtown New Bern, North Carolina, by the development of a five-acre park and, among other things, the problems which might be encountered by Wachovia Bank & Trust Company in providing means of ingress and egress to its customers, should it be the successful bidder for a plot of ground in the redevelopment area." They specifically denied, however, that any official meeting took place "or that any hearings, deliberations or actions, such as are contemplated by . . . [the open meetings law] were held, taken or made." They also denied that the legal rights of plaintiffs to attend public meetings held by defendants were "insecure."

Affidavits were presented by plaintiffs and defendants in support and in opposition to the request for a preliminary injunction. After a hearing held 26 September 1975, Judge Rouse entered an order, filed 22 October 1975, denying plaintiffs' request for a preliminary injunction. Plaintiffs moved pursuant to Rule 52 (b) for amendments to the findings of the October order. On 6 November 1975, the court entered an order denying plaintiffs' 52 (b) motion. From the 22 October order denying the preliminary injunction and the 6 November order denying the 52 (b) motion, plaintiffs appealed.

*Ward, Tucker, Ward and Smith by Michael P. Flanagan for plaintiff appellants.*

*Lee, Hancock and Lasitter by C. E. Hancock, Jr., for defendant appellees, Redevelopment Commission and named individual members.*

*A. D. Ward for defendant appellees, Board of Aldermen and named individual members, City of New Bern and Charles H. Kimbrell.*

HEDRICK, Judge.

G.S. 1-277 in pertinent part provides:

"(a) An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference,

whether made in or out of session, which affects a sub-
stantial right claimed in any action or proceeding; or which
in effect determines the action, and prevents a judgment
from which an appeal might be taken; or discontinues the
action, or grants or refuses a new trial."

An order granting or refusing a preliminary injunction is an
interlocutory order governed by the requirements of G.S. 1-277.
*Pruitt v. Williams*, 288 N.C. 368, 218 S.E. 2d 348 (1975).

Plaintiffs have not shown that the order denying the pre-
liminary injunction will deprive them of a substantial right if
not corrected before a final hearing on plaintiffs' complaint.
Accordingly, the appeal from the order denying the preliminary
injunction is dismissed. *See Pruitt v. Williams, supra.* It fol-
lows that the appeal from the order denying plaintiffs' 52(b)
motion must also be dismissed under G.S. 1-277.

Appeal dismissed.

Judges MORRIS and ARNOLD concur.