GLYK AND ASSOCIATES v. WINSTON-SALEM SOUTHBOUND RAILWAY COMPANY

No. 8121SC226

(Filed 15 December 1981)

1. **Appeal and Error § 6.2— appeal from preliminary injunction**

    A preliminary injunction is a temporary order from which no appeal lies unless the order deprives the restrained party of a substantial right. G.S. 1-277(a); G.S. 7A-27(d).

2. **Injunctions § 13.4— temporary injunction restraining trespass**

    Where there is a continuing trespass or wrongful interference with the present right of possession of realty, the court will ordinarily give relief by temporary injunction, pending the action, with such reasonable restrictions as the exigencies of the case may require.

3. **Appeal and Error § 43— additions to record on appeal—motion after oral argument**

    While the Appellate Court will not ordinarily allow a motion to enlarge the record under Appellate Rule 9(b)(6) if the motion is made during or after oral argument, a motion made after oral argument in this appeal from a temporary injunction to add to the record on appeal orders entered subsequent to the temporary injunction is allowed for the limited purpose of recognizing that restrictions were imposed to the temporary injunction and that the injunction was stayed pending appeal.

4. **Appeal and Error § 6.2— premature appeal from temporary injunction**

    Plaintiff had no right to appeal from a temporary injunction restraining plaintiff, its tenants and customers from trespassing upon the disputed lands where defendant railroad offered evidence of record title, the location of the disputed parcels on the ground, its use and possession of the parcels, and continuing trespass by defendant, its tenants and customers, and plaintiff offered no evidence but merely alleged ownership and possession of the parcels and trespass by defendant railroad, since plaintiff's allegations, though sufficient to raise the issue of title at trial, were insufficient to show that plaintiff was deprived of a substantial right by the temporary injunction.

APPEAL by plaintiff from *Collier, Judge.* Order entered 10 December 1980 in Superior Court, FORSYTH County. Heard in the Court of Appeals 13 October 1981.

Plaintiff (referred to as "GLYK"), in this action to recover damages for recurring trespass, alleged ownership of a parcel of land in Winston-Salem, North Carolina, on which is located a multi-story building fronting South Liberty Street for 200 feet on the east and having a depth of 87 feet. Plaintiff further alleged

that the parcel includes a strip of land to the west and in the rear of the building, 33-1/2 feet by 199 feet, on which are located two sets of railroad tracks, the easternmost track being only 5 to 7 feet behind the building. Plaintiff alleged that defendant (referred to as "Railway") had parked two large gondola cars on the tracks immediately behind plaintiff's building, thereby blocking the use by its tenants of freight elevator and loading dock. Plaintiff also asserted an easement over defendant's land to a door on the south side of the building which was blocked by defendant. Plaintiff sought compensatory and punitive damages.

In its answer defendant asserted fee simple title to the disputed lands and denied any easement in plaintiff. Defendant counterclaimed that plaintiff and its tenants had used the southern and western parcels without its permission; that one tenant had constructed concrete steps which extended to within one foot of the railroad tracks; and that plaintiff was installing balconies which would protrude three feet from the building walls. By motion for preliminary injunction defendant sought to restrain these acts of continuing trespass by plaintiff.

At the hearing on defendant's motion for preliminary injunction the defendant offered in evidence 29 deeds, three maps and a "Chart Showing Chains of Title" to both defendant's and plaintiff's lands.

In his affidavit, Mr. J. W. Hamilton, Assistant Vice-President of defendant, averred that the deeds to the southern and western parcels were kept with the records maintained by defendant; that defendant was using the property for railroad purposes and would continue to do so; that plaintiff's agents and tenants have walked, driven and parked cars on defendant's property without its permission; that plaintiff had allowed one of its tenants to construct concrete steps which encroached upon defendant's property and prevented the railroad from using the southernmost 75 feet of its tracks; that plaintiff had placed a large trash receptacle across the tracks; that defendant had never given plaintiff permission to do any of these acts; and that defendant has paid all taxes on said property.

Defendant also presented the testimony of Mr. Harris B. Gupton, a licensed land surveyor. Mr. Gupton testified that the deeds to defendant encompassed the property here in question.

Plaintiff argues that the deed to the western parcel is void for vagueness in that the description refers to a plat which was not attached to the deed as recorded in the office of the Register of Deeds. Mr. Gupton stated that by using only the deed, he would be unable to place the land on the earth's surface. However, he was able to do so by using both deed and plat. The plat was attached to the original deed kept with defendant's records.

In his order dated 10 December 1980 Judge Collier found that defendant had made a *prima facie* showing of fee simple ownership in the two parcels, that plaintiff had not shown it had any easements, and that plaintiff and its tenants were continuously trespassing upon defendant's property. The order granting preliminary injunction for defendant prohibited plaintiff and its tenants from going on the southern and western parcels. Plaintiff appealed.

*Badgett, Calaway, Phillips, Davis, Stephens, Peed & Brown, by Chester C. Davis; and Weston P. Hatfield for plaintiff appellant.*

*Craige, Brawley, Lüpfert & Ross by William W. Walker for defendant appellee.*

CLARK, Judge.

[1] GLYK seeks to appeal from the order of the trial court granting a preliminary injunction, which restrains GLYK, its tenants, or its customers from going over or upon lands identified as the western parcel and the southern parcel pending trial on the merits. G.S. 1A-1, Rule 65. A preliminary injunction is a temporary order from which no appeal lies unless the order deprives the restrained party of a substantial right. G.S. 1-277(a) and G.S. 7A-27(d). *Pruitt v. Williams,* 288 N.C. 368, 218 S.E. 2d 348 (1975); *Setzer v. Annas,* 286 N.C. 534, 212 S.E. 2d 154 (1975); *Gunkel v. Kimbrell,* 29 N.C. App. 586, 225 S.E. 2d 127 (1976).

The first question presented is whether GLYK is deprived of any substantial right by the order granting the preliminary injunction to Railway. At the hearing on Railway's motion for preliminary injunction GLYK did not offer evidence. GLYK takes the position that Railway failed in its burden of establishing its right to a preliminary injunction. G.S. 1A-1, Rule 65(b). *Setzer v.*

*Annas, supra.* This burden required Railway to offer evidence at the hearing on its motion sufficient to satisfy the trial judge that (1) there is probable cause that Railway will be able to establish the rights which it asserts and (2) there is reasonable apprehension of irreparable loss unless injunctive relief is granted or unless interlocutory injunctive relief appears reasonably necessary to protect Railway's rights during the litigation. *Pruitt v. Williams, supra.* At the hearing Railway offered in evidence 29 deeds, 3 plats, and a "Chart Showing Chain of Title," apparently to the lands claimed by both Railway and GLYK. Railway also offered the affidavit of its Assistant Vice-President, J. W. Hamilton, who averred in substance that Railway had deeds to and was the owner of both the western and southern parcels and was using that property, and that GLYK began trespassing in September 1979 on both parcels and had continued the trespass since that time. In addition Railway called as a witness Harris B. Gupton, a licensed land surveyor, who testified that deeds to Railway encompassed the disputed parcels.

[2]  After hearing, Judge Collier granted Railway's motion for preliminary injunction, finding that Railway had shown *prima facie* title to the parcels in dispute, that GLYK had no easement in the southern parcel, and that GLYK was continually trespassing on Railway's lands. Railway was requested to post a bond of $75,000. Judge Collier based the preliminary injunction on his finding that Railway established *prima facie* record title and that GLYK was engaged in recurring or continuous acts of trespass. Judge Collier's ruling and injunction is supported by the rule of law that where there is a continuing trespass or wrongful interference with the present right of possession, the court will ordinarily give relief by temporary injunction, pending the action, with such reasonable restrictions as the exigencies of the case may require. *Young v. Pittman,* 224 N.C. 175, 29 S.E. 2d 551 (1944); *Conrad v. Jones,* 31 N.C. App. 75, 228 S.E. 2d 618 (1976); 7 Strong's N.C. Index 3d *Injunctions* § 13.4 (1977).

After the records and briefs were filed and after hearing in this Court, on 18 October 1981, GLYK filed a Motion to Enlarge Record on Appeal to include the following orders of the trial court:

1. An Order signed by Judge Collier on 15 December 1980, which suspended the temporary injunction as to Electric Supply,

Inc., a GLYK tenant, until 31 January 1981, so that its employees and customers would have access to its premises.

2. An Order to Reconsider signed by Judge Collier on 22 January 1981, which directed any Superior Court Judge holding the Courts of the Twenty-First District to hear GLYK's Motion to Reconsider the preliminary injunction of 10 December 1980.

3. An Order signed by Judge Wood on 30 January 1981, which again suspended the temporary injunction as to Electric Supply, Inc., until 15 March 1981 so that it could relocate its business.

4. An Order Staying Preliminary Injunction Pending Appeal signed by Judge Seay on 3 February 1981, after a hearing consisting of oral argument by counsel for GLYK and Railway. The hearing was held on GLYK's Motion for Stay pending appeal made on 12 December 1980. *See* G.S. 1A-1, Rule 62(c), and Appellate Rules 8 and 36. The order noted that Railway in its answer alleged a continuous trespass by GLYK, its tenants and its tenants' customers without compensation, and that the fair market rental value of the disputed lands was $200 per month. The preliminary injunction of 10 December 1980 was stayed "pending a decision by the appropriate appellate court. . . ." The order further required GLYK to post a stay bond of $1,000. Railway excepted to the stay order and gave notice of appeal. On 4 February 1981 Railway filed with this Court (1) Petition for Writ of Mandamus seeking to have the orders of Judge Wood and Judge Seay vacated, and (2) Petition for Temporary Stay of said orders and Supersedeas. All of the petitions were denied by this Court. Railway has not perfected its appeal from the order of Judge Seay.

In determining whether to allow GLYK's motion to enlarge the record, we have considered the original record on appeal and devoted much time in the examination and study of the many deeds and various maps offered in evidence by Railway at the December 1980 hearing in an attempt to determine if they show title or easements in GLYK to the parcels in dispute. The record on its face, without supporting evidence, reveals none. The wisdom of GLYK in failing to offer evidence at this hearing was questionable. We note that in its appeal brief GLYK argues that it and its various tenants have no access to its building if en-

joined from access over the disputed western and southern parcels of land. Yet there is nothing in the original record on appeal to support this argument.

[3]   This Court does not ordinarily allow a motion to enlarge the record under Appellate Rule 9(b)(6) if the motion is made during or after oral argument. The circumstances are somewhat unusual in this case because at issue on appeal is an interlocutory order, a temporary injunction issued by the trial court for the purpose of enforcing its equity jurisdiction. Injunction is reversed for extraordinary cases. 43 C.J.S. Injunctions § 2. In this kind of case the Court should not be restricted by rigid application of procedural rules. We allow the motion to enlarge, but in doing so the added orders are accepted for the limited purpose of recognizing that restrictions were imposed to the temporary injunction and that the injunction was stayed pending appeal. The added orders are not to be considered on their merits since they are not at issue on appeal and no evidence has been added to the record in support of the orders.

[4]   In light of the enlarged record on appeal, we return to the issue of whether we should entertain this appeal from an interlocutory order, which depends upon whether GLYK has shown that it was deprived of any substantial right. GLYK offered no evidence at the hearing on Railway's motion for temporary injunction. Railway offered evidence of record title, the location of the disputed parcels and the ground, its use and possession of the parcels, and continuing trespass, Under these circumstances, the allegations of ownership, possession, possession by GLYK and trespass by Railway in its pleadings, though sufficient to raise the issue of title at trial, are not sufficient to show that GLYK was deprived of a substantial right by the order granting the temporary injunction.

The orders added to the record on appeal indicate that the injunction deprived one of GLYK's tenants of access to its business premises. The order of Judge Seay staying appeal and requiring a stay bond of only $1,000 indicates that for some reason, not appearing in the record as enlarged, some right or rights of GLYK would be adversely affected if the injunction was not stayed. We can only assume that evidence or information, which does not appear in the record on appeal, was submitted to

GLYK and Assoc. v. Railway Co.

and considered by the trial judges, but we cannot base on this assumption the finding that GLYK has carried the burden of showing the deprivation of a substantial right.

We concur wholeheartedly in the following statement in Railway's brief: "The Railroad agrees that a preliminary injunction is not a proper device to try title to real property or to oust a party in possession. *Freemont v. Baker*, 236 N.C. 253, 72 S.E. 2d 666 (1952); *Jackson v. Jernigan*, 216 N.C. 401, 5 S.E. 2d 143 (1939)." In the case before us it appears that the issue involving important property rights could best be determined by trial on the merits.

GLYK having failed to show that the preliminary injunction deprived it of any substantial right, the appeal is dismissed. The stay ordered by Judge Seay would expire under Appellate Rule 32 with the mandate issued by this Court twenty days after this opinion has been filed. The injunction has been stayed more than ten months. Since the injunction was entered on 10 December 1980, it was changed to allow access by GLYK's tenant, Electric Supply, Inc., until 15 March 1981, but the stay order of Judge Seay was entered before that date. Electric Supply, Inc. or a successor tenant may be occupying GLYK's building without access upon expiration of the stay. There may be other conditions which have changed since the stay order of 3 February 1981 and other rights which would be adversely affected by such abrupt expiration of the stay order. Between the time of filing this opinion and the mandate, it is ordered that GLYK may proceed by motion in the Superior Court, if it so elects, to restrict the preliminary injunction, to stay the injunction pending hearing, or to otherwise proceed to protect its rights, if any, from any inequitable adverse effects of the preliminary injunction.

The appeal is, subject to the foregoing order,

Dismissed.

Judges HEDRICK and MARTIN (Harry C.) concur.