An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. 13-1119
NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014

JOHN WALTER LAWSON,
MARGARET (MEG) ELIZABETH
LAWSON DARLING,

    Plaintiffs,

    v.                          Forsyth County
                                   No. 12 CVS 8369

HEIDI CAVANAGH LAWSON,
JACQUELINE CAVANAGH HUGHES,
MARK CAPRISE, DEPUTY SHERIFF
P.J. MULLEN, DEPUTY SHERIFF
MICHAEL BRANNON, CORPORAL
CLAYBOURN HARPER, SHERIFF
WILLIAM SCHATZMAN, HARTFORD
INSURANCE, LIEUTENANT MAX
CREASON, CHIEF KENNETH GAMBLE,

    Defendants.

Appeal by plaintiffs from order entered 24 April 2013 by Judge William Z. Wood, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 4 February 2014.

    *Margaret (Meg) Elizabeth Lawson Darling, and John Walter Lawson, pro se.*

    *Lonnie G. Albright, Asst. Forsyth County Attorney, for defendant-appellees.*

    STEELMAN, Judge.

Where plaintiffs fail to acknowledge that their appeal is interlocutory, and do not allege the existence of a substantial right that would be jeopardized by failing to address their claims now, their appeal is dismissed.

## I. Factual and Procedural Background

On 11 June 2010 warrants were issued by the Cary Police Department in Wake County, charging plaintiff John Lawson with assault on a female and violation of a N.C. Gen. Stat. § 50B protective order. Both offenses were allegedly committed against John Lawson's ex-wife, Heidi Lawson. On 12 June 2010 these warrants were transmitted electronically to the Forsyth County Sheriff's Department. After the warrants were verified, Deputies Mullen and Brannon arrested John Lawson at the Forsyth County home of his sister, plaintiff Margaret Darling.

On 21 December 2012, plaintiffs filed an unverified *pro se* complaint against defendants Heidi Lawson; Jacqueline Hughes, Heidi Lawson's sister; Mark Caprise, Heidi Lawson's boyfriend; Forsyth County Sheriff William Schatzman; Forsyth County Deputy Sheriffs P.J. Mullen and Michael Brannon, and Corporal Claybourn Harper in their official and individual capacities; Kernersville Police Chief Kenneth Gamble; Lieutenant Max Creason, in his official and individual capacity; and Hartford Insurance, which plaintiffs alleged had "provided a surety bond pursuant to N.C.

General Statute § 162-8" "covering [the] actions of Sheriff Schatzman[.]" The complaint generally alleged that (1) there was an ongoing domestic dispute between John Lawson and Heidi Lawson; (2) on 10 June 2010 Hughes falsely reported to law enforcement authorities that John Lawson had raped Heidi Lawson; (3) on 12 June 2010, Kernersville Police Lieutenant Max Creason, Heidi Lawson's brother-in-law, called the Forsyth County Sheriff's Department and falsely reported that the Kernersville Police Department was issuing warrants for John Lawson's arrest and that John Lawson could be located at the home of his sister, Meg Darling; (4) on 12 June 2010 Forsyth County Deputies Mullen and Brannon "forced their way into the Darling residence" and arrested John Lawson; (5) the deputies did not verify the existence of arrest warrants before arresting John Lawson; that (6) no warrants "ever existed" that were issued by the Kernersville Police Department for John Lawson's arrest, and; (7) that Heidi Lawson had sought "to deprive John Lawson of his constitutional right to be a father," that the other defendants "through their actions or lack there[of]" had "exhibited an agreement with Heidi Lawson" and that "collectively the defendants [should] be held accountable for all of the actions referenced [in the complaint] pursuant to the existence of a civil conspiracy[.]"

-4-

Plaintiffs' complaint is somewhat confusing, but appears to assert the following claims:

1. Claims against Schatzman, Mullen, Brannon, Harper, Gamble, Creason, Heidi Lawson, Hughes, and Caprise under 42 U.S.C. § 1983 for violation of plaintiffs' rights under the 4th and 14th Amendments to the United States Constitution.

2. Claims under the N.C. Constitution, §§ 19, 20, 21, 35, and 36, against Creason, Harper, Brannon, Mullen, Schatzman, and Gamble "in their official capacities."

3. Claims for malicious prosecution against Heidi Lawson, Hughes, Creason, Harper, Mullen, and Brannon.

4. Claims for abuse of process against Heidi Lawson, Hughes, Creason, Harper, Mullen, Brannon, and Caprise.

5. Claims for defamation, libel, and slander against Heidi Lawson and Caprise.

6. Claims for intentional infliction of emotional distress against Heidi Lawson, Hughes, and Caprise.

7. Claim for negligent infliction of emotional distress against Heidi Lawson.

8. Claim for civil obstruction of justice against Heidi Lawson.

9. Claim by Darling for intrusion upon seclusion against Heidi Lawson, Hughes, Creason, Mullen, and Brannon.

10. Claim for negligent retention and supervision against Schatzman and Gamble.

11. Claim "on the bond" against Schatzman and Hartford Insurance.

The present appeal concerns only defendants Schatzman, Mullen, Brannon, and Harper ("the Forsyth County defendants"). On 23 January 2013 the Forsyth County defendants filed an answer denying the material allegations of plaintiffs' complaint and raising various defenses, including failure to state a claim upon which relief could be granted, governmental immunity, and an allegation that Hartford Insurance had not provided a surety bond under N.C. Gen. Stat. § 162-8 or N.C. Gen. Stat. § 153A-435.[1] On 24 January 2013 the Forsyth County defendants filed a request for admissions from plaintiffs. On 22 February 2013, plaintiffs admitted that they had been provided with copies of the warrants for John Lawson's arrest that were issued by the Cary Police Department on 10 June 2010. Although plaintiffs "concede[d] to the existence of the arrest warrants" they did not seek to amend their complaint to reflect the existence of warrants for John Lawson's arrest.

On 7 March 2013, the Forsyth County defendants filed a motion for summary judgment, based on governmental immunity, and supported by plaintiffs' responses to the request for

---

[1] Plaintiffs later admitted that Hartford Insurance Company had not provided a surety bond for the Forsyth County Sheriff's Department. Plaintiffs filed a motion to amend their complaint to allege a different surety but did not obtain a ruling on the motion, and did not appeal from the dismissal of their claim against Hartford, which is not a party to this appeal.

admissions, copies of the arrest warrants issued for John Lawson, and affidavits of Forsyth County employees averring that Hartford Insurance had not provided a surety bond for the Forsyth County Sheriff's Department and setting out the timeline of the events surrounding John Lawson's arrest. In response, plaintiffs submitted a written brief and a transcript purportedly made from a video that Darling recorded during John Lawson's arrest.[2]

A hearing was conducted on the Forsyth County defendants' summary judgment motion on 15 and 18 April 2013. Plaintiffs did not submit affidavits, depositions, or any other sworn testimony in opposition to the motion. On 24 April 2013 the trial court entered an order granting summary judgment in favor of the Forsyth County defendants, and dismissing plaintiffs' claim against Hartford Insurance.

Plaintiffs appealed from entry of summary judgment in favor of the Forsyth County defendants.

## II. Interlocutory Nature of Appeal

"A judgment is either interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. §1A-1, Rule 54(a). "A final judgment is one which disposes of

---

[2] Because the transcript begins at a point when John Lawson is talking with the deputies, it does not shed any light on the circumstances under which the deputies entered Darling's house and made contact with John Lawson.

the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted).

Plaintiffs admit on appeal that the "order entered 24 April 2013 [was] interlocutory" at the time it was entered, but contend that after the order was entered "[a]ll of the remaining claims as to all of the parties of 12 CVS 8369" were "judicially disposed of with subsequent orders." In support of this assertion, plaintiffs allege that on 6 March 2013 Judge Stuart Albright dismissed plaintiffs' claims against defendants Creason, Gamble, and Caprise pursuant to N.C. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, and dismissed plaintiffs' § 42 U.S.C. 1983 claim against Hughes, and that on 3 September 2013 Judge Anderson Cromer granted summary judgment with respect to plaintiffs' remaining claims against Hughes. Plaintiffs include the summary judgment order in favor of Hughes in an appendix to their brief, but have not included in the record the orders entered by Judge Albright, citing instead to unsworn statements of defense

counsel at the summary judgment hearing. We note that "appellate review is conducted on the basis of the information contained in the record developed before the trial court," *Cunningham v. City of Greensboro*, 212 N.C. App. 86, 98, 711 S.E.2d 477, 485-86 (2011), and that "appellate courts in this State are bound by the record as certified and can judicially know only what appears of record." *Vassey v. Burch*, 301 N.C. 68, 74, 269 S.E.2d 137, 141 (1980). Furthermore, if we assume that plaintiffs omitted the dismissal orders through an oversight, we nonetheless conclude that this appeal is interlocutory because the record is devoid of any information concerning the disposition of plaintiffs' claims against Heidi Lawson.

Plaintiffs contend that "Heidi Lawson has never answered the complaint and plaintiff-appellants filed for an entry of default against her on 7 September 2013." However, plaintiffs did not include their motion for entry of default in the record, and do not provide any information concerning whether default was entered, or whether judgment was entered, whether Heidi Lawson moved to set aside an entry or judgment of default, or whether any other procedural or substantive matters pertaining to the current status of plaintiffs' claims against Heidi Lawson remain unresolved. Because the record contains no basis upon

which to conclude that these claims have been resolved, we hold that plaintiffs' appeal is interlocutory.

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "[W]hen an appeal is interlocutory, the appellant must include in its statement of grounds for appellate review 'sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.'" *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338 (quoting N.C.R. App. P. 28(b)(4)), *aff'd per curiam*, 360 N.C. 53, 619 S.E.2d 502 (2005). In this case, plaintiffs have failed to acknowledge that their appeal remains interlocutory due to the outstanding claims against Heidi Lawson, and offer no argument concerning why they are entitled to immediate appeal on the basis of a substantial right. "It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380,

444 S.E.2d 252, 254 (1994) (citing *GLYK and Assoc. v. Railway Co.*, 55 N.C. App. 165, 170-71, 285 S.E.2d 277, 280 (1981)).

We hold that plaintiffs have attempted to appeal from an interlocutory order and that their appeal must be dismissed.

DISMISSED.

Judges McGEE and ERVIN concur.

Report per Rule 30(e).